CASE 22—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES.—
June 6.

# Tyler v. Moody, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT—LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

SALES—FALSE WARRANTY—SELLER'S KNOWLEDGE OF FALSITY—MEAS-
URE OF DAMAGES.

Held:   1. To entitle the buyer of a machine for the manufacture
of gas to recover of the seller for a breach of warranty that the
machine would not and could not explode, it is not necessary
for him to allege that the seller knew that the warranty was false.
2. The damages recoverable for such a breach of warranty include
damages for personal injuries to the buyer from an explosion
of the machine, such damages being the natural and probable
result of a breach of the warranty, and therefore within the
contemplation of the parties.

SIMRALL & DOOLAN, ATTORNEYS FOR APPELLANT.

F. J. BEARD AND WILLIS & WILLIS, OF COUNSEL.

## POINTS AND AUTHORITIES CITED.

1. Representations made by the appellees to the appellant in this
case amount to a warranty. Lamme v. Gregg, 1
Met., 446; McClintock v. Emick, 87 Ky., 160-168;
Bedford v. McGibbon, 12 Ky. Law Rep., 196; Kellogg
Bridge Co. v. Hamilton, 110 U. S., 108-119.
2. The agent in making a sale for his principal may bind not
only his principal, but himself personally as well.
1 Am. & Eng. Ency. of Law (2d Ed.), p. 1120-22 and notes;
M'Alexander v. Lee, 3 A. K. Mar., 483-485; Tutt v. Brown, 5
Litt., 1-3; Hull v. Brown, 35 Wis., 568; Bell v. Teague, 85 Ala.,
214-215.
3. Where an article is sold for a particular purpose, the law will
imply a warranty of fitness for that purpose. Ship-
pen v. Bowen, 122 U. S., 582; Kellogg B. Co. v. Hamilton,
110 U. S., 108-119; Brown v. Edgerton, 2 Manning & Grainger;
Borradale v. Brunton, 8 Taunton, C. P., 535; Bedford v. Mc-
Gibbon, 12 Ky. Law Rep., 196; Hempseed Cases, 13 Ky. Law
Rep., 592; Seed Rye Cases, 14 Ky. Law Rep., 892; 28 Am. &

Eng. Ency. of Law, 764, 65 and note.

4. In a suit *ex contractu* for breach of warranty, the plaintiff may recover (1) such damages as are the natural and necessary result of the breach, and (2) such other or consequential damages as the parties may be reasonably supposed to have had in contemplation when the sale was made, as might probably result from the breach. 28 Am. & Eng. Ency. of Law, 836-37; Hadley v. Baxendale, 9 Exch., 341; Smith v. W. U. Tel. Co., 83 Ky., 104; W. U. Tel. Co. v. Vancleave, 22 Ky. Law Rep., 55; Wood v. Miller, 87 N. Y., 118; and other cases cited; Marshall v. Peck, 1 Dana, 612; Wiedeman v. Kellar, 171 Ill., 93; 1 Am. & Eng. Ency. of Law (1st Ed.), 153; Greenly v. Brooks, 13 Ky. Law Rep., 298; Broquet v. Tripp, 14 Pac., 227; Borradale v. Brunton, 8 Taunton, C. P., 535; Longmead v. Holliday, 6 Exch., 761; Page v. Ford, 12 Ind., 46-55; Sinker v. Kidder, 123 Ind., 528-531; Dushane v. Benedict, 120 U. S., 630-48; Bruce v. Fiss, 62 N. Y. Sup., 96, 47 Ap. Div., 273; Dean v. Mich. Stove Co., 69 Ill. App., 106; Claghorn v. Lingo, 62 Ala., 230; Sedgwick on Dam. (8th ed.), vol. 2, sec. 765-766-767-768-769, 781; 2 Sutherland on Dam., 2d ed.); 8 Am. & Eng. Ency. of Law (2d ed.), 586-587-595, 614-615; 28 Am. & Eng. Ency. of Law, 748, 764, 836, 840.

5. In an action upon a warranty the scienter need not be alleged, or if alleged, need not be proven. Shippen v. Bowen, 122 U. S., 582; Massie v. Crawford, 3 T. B. Mon., 218; Gregg v. Wood, 3 Ky. Law Rep., 526.

W. S. PRYOR, ATTORNEY FOR APPELLEE. (B. J. & UPTON W. MUIR, J. C. BECKHAM & SON, PRYOR, O'NEAL & PRYOR OF COUNSEL.)

My associate counsel have filed a brief in this case covering all the points raised with the citation of authorities that sustain fully the judgment below.

If this case is to be governed by the rule in regard to the damages to be recovered for a breach of the contract, the jury must necessarily be confined to that sustained by the destruction of the plant, and not for the personal injury resulting from the explosion. Damages in this class of cases may be recovered for the personal injury when the scienter is alleged and proven, but in the absence of such an averment no recovery can be had for consequences so remote as is claimed in this case.

In every sale of machinery and often in the sale of boilers and engines; also in lamps and burners that are used almost in every house, an implied warranty exists that they are fit for the purposes for which they are sold, and are safe when properly managed; yet, in all these cases serious accidents occur, now and then, but in all such cases, where the scienter

is not alleged or bad faith established, and a knowledge of the defective machinery is not brought home to the vendor, no action will lie when unknown causes produce the explosion, as in this case. To make one responsible when such representatives as is claimed were made in this case, would not only hamper the spirit of invention that has been attended with such remarkable results in machinery, but would recognize the existence of a doctrine at war with the common law and unjust to the vendor.

(No other briefs in the record.)

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

The appellant brought this action to recover for damages for personal injuries caused by an explosion of gas generator for the manufacture of acetylene gas, sold by appellees, Hall & Son, and manufactured by appellees, Moody & Offutt. Appellant avers in his petition that appellees "guarantied and represented to him at the time of said sale, and as a part of said contract, that the said machine, and the use thereof in generating acetylene gas, was and would be entirely safe, and that no damages or injury would or could result therefrom; and that said machine was and would be perfectly automatic in its action, and could only make gas equal to the consumption; and that same was so constructed as to be absolutely safe in its use, and that same could not generate gas beyond the capacity of the machine; and that same could always be depended upon to do the work claimed for it; and that same was so simple in construction that there was absolutely nothing about it to get out of order; and that the same was simple and safe, and that same could not generate gas in sufficient quantity to blow up or explode same; and this plaintiff relied upon said representations and statements as true. . . . But he says that said

representations were false and untrue," and it is then set
out that each representation was untrue, and that appel-
lant was properly attending to the machine, and without
fault on the part of appellant the generator did explode
and blow up, by which he was seriously and permanently
injured.    Appellees answered, denying the representa-
tions alleged that they claimed or represented the machine
as absolutely perfect, or that no danger or injury could
possibly happen in its use; and denied any representation
that the machine could not generate gas in sufficient quan-
tity to blow up or explode, though it is true, if kept in
good order, and used with care, it can not generate gas
sufficient to cause an explosion.    However, it was admitted
that they represented that the machine was safe, and they
aver that with proper and careful use it was safe.    Ap-
pellees Moody and Offutt also denied that appellees Hall
& Son were their agents in making the sale and repre-
sentations, such as were made, and they pleaded that the
injury was caused by the negligence of appellant himself.
These answers were filed without a demurrer to the pe-
tition.

On trial the appellant introduced evidence tending to
prove every allegation of his petition.    He testified to rep-
resentations and warranties by Hall & Son to him, before
and at the time of the contract of sale, that the machine
was perfectly safe, and would not and could not explode
except by contact with fire; that appellant had no knowl-
edge or information as to the machine, or the manufac-
ture of acetylene gas, except as given him by Hall & Son,
and also from a circular issued by Moody & Offutt, who
were the manufacturers of the machine; that appellant
relied on these statements and representations as true,
and was thereby induced to buy, and he did buy, the ma-

chine, which appellees Hall & Son placed in his house, and put in operation; that in the use of the machine as directed, and while exercising due care and caution, and without fault on appellant's part, the machine exploded, causing appellant's injury. The extent of the injury was shown, which was considerable. The circular furnished by the manufacturers, Moody & Offutt, was introduced. At the conclusion of appellant's evidence the court directed a verdict for appellees, and, judgment being accordingly rendered, this appeal is prosecuted.

In the judgment rendered the court required appellees to pay the costs from the time of filing their answers, including the trial, the court being of opinion that the petition was insufficient. Counsel for appellees rely on the case of Jones v. Ross, 98 Ala., 448 (13 South., 319) and cases cited, to sustain the judgment of the court below. In that case Ross sued Jones to recover damages for breach of warranty in the sale of a horse. The petition alleged that "defendant sold to plaintiff a horse, which defendant falsely represented to be gentle, and to work kind and gentle anywhere." The horse, being hitched to a buggy, ran away, whereby plaintiff was injured, for which recovery was sought. The petition further avers "that the defendant knew said horse was vicious and unsafe, and intentionally represented him to plaintiff to be safe and gentle." The supreme court of Alabama held the petition to be sufficient to enable Ross to recover for his injuries, but on the proof the court held that the case was not made out, and a peremptory instruction should have been given. The court on that point said: "There is not one particle of evidence in the record tending to show that defendant knew, or had reason to believe, the horse to be vicious and unsafe, or that the affirmation was of

that reckless character to be the equivalent of bad faith; and without proof of some fact or circumstance tending to sustain these averments plaintiff was not entitled to recover for personal injuries in this action." In that opinion the court refers to the case of Herring v. Skaggs, 62 Ala., 190; 34 Am. Rep., 4, as decisive of the question as to what averments were necessary to recover. The averments in the petition of the case at bar are that appellees expressly warranted that the machine would not and could not explode. It is not alleged that appellees knew this to be false, but it is alleged that it was false, for the machine did explode and blow up. Counsel for appellees insist that there is not an averment of scienter in the petition, and it is therefore insufficient. In Chit. Pl., 137, the author says that case or assumpsit may be supported for a false warranty on the sale of the goods, and that "in an action upon the case in tort for a breach of warranty of goods the scienter need not be laid in the declaration, nor, if charged, could it be proved."

In the case of Shippin v. Bowen, 122 U. S., 576 (7 Sup. Ct., 1283; 30 L. Ed., 1172), the supreme court held that this rule of pleading, as stated by Chitty, applied where the action was for breach of an express warranty, and the scienter need not be alleged; for, if the warranty was expressly made, it made no difference whether the warrantor knew it was false, or did not know whether it was true or false. This case, and the authorities cited, are decisive of the question that it is not necessary to allege a knowledge of the falsity of the representation when made, where there is an express warranty of any particular thing, or of a machine for a particular purpose, or against particular damages.

It is argued that in no state of case can a recovery be had for the injuries to appellant, because they are too remote. A leading case upon the criterion of recovery for breach of warranty is Dushane v. Benedict, 120 U. S., 630 (7 Sup. Ct., 696; 30 L. Ed., 810). The supreme court there said: "The damages recoverable for a breach of warranty or for false representation include all damages which, in the contemplation of the parties, or according to the natural or usual course of things, may result from the wrongful act."

In Suth. Dam. (2d Ed.), p. 1523, sec. 675, it is said, after a review of many cases: "A buyer may recover damages for personal injuries which result from selling property with a false warranty. . . . A dealer will be liable for like injuries from the explosion of illuminating oils sold with warranty, express or implied, which is untrue. And so will any vendor be held answerable for such injuries from vicious animals sold with warranty of gentle and docile nature. In such cases there is a negligence, which, though free from fraud, involves a serious breach of social duty as well as contract; and, where the injury comes to the vendee from an exposure induced by the warranty, doubtless the right to damages in an action upon the warranty would be co-extensive with that allowed for compensation in actions for negligence. Where an act of negligence is imminently dangerous to the lives of others, the guilty party is liable to the one injured thereby, whether a contract between them be violated by that negligence or not. If the law and a contract impose the same duty, the same redress for violation is due by either, and would be accorded unless there should be practical restriction in the form of action resorted to to obtain that redress." The doctrine of liability for all damage which, in the contemplation of

rties, or according to the natural or usual course of may result from a breach of the warranty, is now w  cognized, and is recognized by the Jones v. Ross ca,  ora, where the court held the petition sufficient. The  t criterion of recovery in this case, even if appellant  uld be entitled, on the proof, to recover at all, was not passed on by the court below, unless the court intended by his direction of verdict to hold that damages for personal injury, could not be recovered, and that there was no claim of difference in value of the machine, and no recovery sought therefor. If this was the conclusion of the lower court, we are of opinion it was error. The warranty, as alleged and proved by appellant's evidence, was against explosion—the very thing shown to have happened. Upon this showing by appellant, uncontradicted, we think he would be entitled to recover for his personal injury, as this evidently was in contemplation of the parties, or, according to the natural or usual course of things, might result from a breach of the warranty that the machine would not explode. An explosion of a machine of this sort would usually and ordinarily be attended with damage other than to the machine itself, and might injure persons—being near a dwelling, would probably do so—and so it must be held that personal injury was contemplated as a probable result of an explosion, and that was what appellant was assured would not happen. We conclude, therefore, that upon the case as presented by appellant a peremptory instruction should not have been given. Without contradictory evidence, he was entitled to recover.

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial, and for further proceedings consistent herewith.

Whole court sitting.