## Stanley v. Day, et al.

(Decided October 14, 1919.)

### Appeal from Boyd Circuit Court.

1. Contracts—Action for Breach of Warranty.—In an action upon a contract, for a breach of warranty, the fact that averments of fraud are unnecessarily connected with the averments of the warranty and its breach, does not preclude a recovery upon the warranty, when proven, although the allegations, as to the fraud, are not sustained by evidence.

2 Contracts—Warranty.—In negotiations for the making of a contract of sale, an assertion by the vendor, as to the condition of the property, as a fact, or statements equivalent to a promise, as to the condition of the property, if relied upon by the vendee. and acts as an inducement to the purchase, is an express warranty.

3. Contracts—Action for Breach of Warranty.—It is necessary to constitute a cause of action for a breach of warranty, that, not only shall the warranty have been made and a breach of it shall have occurred, but, the vendee must have relied upon the warranty, and the warranty have been an operative cause, inducing him to make the contract.

MAY & MAY, R. S. DINKLE, J. J. MONTAGUE and C. L. WILLIAMS for appellant.

JOHN F. COLDIRON and GEORGE B. MARTIN for appellees

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This action by the appellees, Harlan T. Day, Sanders P. Lyon, and Laban T. Simpson, was instituted against the appellant, Robert E. Stanley, for damages for the breach of an express warranty, alleged to have been made to them by appellant, in a contract, for the sale of a large number of hogs. The warranty was made, as contended by appellees, while negotiations for the contract for the sale of the hogs was under way, and consisted of a representation made by appellant, to the

effect, that the hogs, which he was offering to sell, were sound and free from cholera, and the breach, alleged, was, that the hogs, at the time of the sale and delivery, were unsound and diseased; that is, were sick from hog cholera, and from the effects of which four hundred of the hogs died, and the remaining two hundred and fifty-six were depreciated in value, and the appellees were forced, on account of the sickness of the hogs and to minimize the damages from the sickness, to pay large sums, in feedings, attentions to, transportation of, and medicine for, and veterinary attentions to the sick hogs, which they would not have had to do, if the hogs had been as warranted. Connected with the allegation in the petition, that the hogs were unsound and sick, at the time of the sale and delivery, it was alleged, that their sick and unsound condition was not known by the appellees, but, was known to the appellant.

The appellant interposed a general demurrer to the petition, but this was overruled. After a motion had been sustained, requiring the appellees to make more specific the allegations of the petition, which they did by an amended petition, the appellant answered, traversing the allegations, that he made the warranty or that the hogs were unsound, at the time of the delivery, or that he had knowledge of such unsoundness, and, further, averring, that, at and before the delivery of the hogs to appellees, at his request, they made an inspection of the hogs, for the purpose of excluding from the delivery any of the hogs, which they did not desire to take and did reject two hogs, on account of their unlikely appearance.

At the conclusion of the evidence for appellees, the appellant moved the court for a directed verdict, in his favor, but, the motion was overruled.

The result of the trial was a verdict and judgment in favor of appellees, for the sum of $3,000.00, and appellant's motion to set aside the verdict and judgment and to grant him a new trial, having been overruled, he has appealed. The appellees did not offer any instructions to be given to the jury, but the appellant offered several instructions, all of which were objected to by the appellees, and the objections sustained, to which rulings, the appellant excepted. The court then gave five instructions to each of which the appellant objected, and his objection being overruled, he saved an exception. The

appellees made no objection to either of the instructions, given.

(a) The contention made by appellant, that the cause of action, attempted to be stated in the petition, was an action based upon fraud and deceit, and not an action for a breach of a contract of warranty, and for that reason, the court should have directed the jury, as in an action of fraud or deceit, instead of an action for a breach of warranty, can not be upheld. It is clear, that the cause of action attempted to be relied upon, is for the breach of a contract of warranty, although it is defectively and imperfectly stated. The mere fact, that it is incidentally stated in the petition, that the appellant knew of the unsound condition of the hogs, does not preclude the appellees from maintaining their action upon the warranty, if one was made. Otherwise, the right to maintain an action upon a warranty of soundness made by a vendor, when he knew, that the thing sold, was unsound, would be at the option of the fraudulent vendor. In an action for a breach of warranty, averments of fraud unnecessarily connected with the averments setting forth the warranty and its breach, do not affect the right to recover upon the warranty, when it is proven, although there is no evidence of the fraudulent character of the representation, which constitutes the warranty. Chestnut v. Ohler, 112 S. W. 1101, 35 Cyc. 443, 3 T. B. M. 218. In an action for breach of an express warranty, it is not necessary to allege, that the seller, who made the warranty, had knowledge, that the warranty was false, and being unnecessary to be alleged, it is not necessary to prove it to support the action. Tyler v. Moody, 111 Ky. 191.

(b) Neither is the contention of appellant tenable to the effect, that the representations and promises which appellees claim, that he made at the time the contract for the sale was entered into, are insufficient to constitute an express warranty, that the hogs were sound, if the representations were relied upon by the appellees, and operated as an inducement to some extent at least, by them, to make the contract. The contract, in the instant case, was for the sale of the hogs, to be delivered, at certain places, within twenty days, and as contended for by appellees, it was further a part of the contract, that the hogs should be sound and free from disease.

The evidence, offered by appellees to prove the warranty, was, that during the negotiations between the parties, and at the time the sale was made, and just preceding the agreement upon the terms of the contract as to the price of the hogs, and where they were to be delivered, and at what time, one of the appellees testified as follows:

"When we was talking on a trade, I asked him if there was any cholera among these hogs, and he said, there was not. He said, these hogs were in good condition, these hogs were to be sound hogs, and he said, there was no cholera in that country, and that they were to be sound hogs.

"Q. Did he say anything about making them good? A. Yes, sir, he says, I trade with everybody, I am responsible for what I do, and what I sell. I trade with everybody, and what I sell, I make it good."

Assertions of fact, concerning the condition, or statements amounting to a promise, as to the condition of the property, and not mere expressions of opinion or belief, made by a vendor during the negotiations for the sale of personal property, and intended as an inducement to the vendee to purchase, and upon which the vendee does rely in making the purchase, such affirmation or assertion of fact or promise, amounts to an express warranty, that the fact affirmed, or promise made is true, and a vendor is bound by it. 35 Cyc. 387, 388, 381; Lamme v. Gregg, 1 Met. 444; Dickens v. Williams, 2 B. M. 374; Ditto v. Helm, 2 J. J. M. 129; Chestnut v. Ohler, 112 S. W. 1101. No prescribed words are necessary to constitute the warranty. Any words are sufficient, which show the intention of the parties. Ditto v. Helm, *supra.* The above, has been the rule in this state, since the opinion in Lamme v. Gregg, *supra,* but was somewhat modified by the opinion in McClintock v. Emick, etc., 87 Ky. 161, wherein it was held, that it was not necessary to constitute the warranty, that the vendor should intend to be bound by the affirmation and that his purpose in making it, was not material, if he did make it, and the vendees relied upon it, and were induced by it to make a purchase, it became a part of the contract, and was an express warranty. The appellant denies making the affirmation, or promise, as claimed, but the truth of the matter, is a question for the jury. The affirmation being direct and posi-

tive, and in addition thereto, equivalent to a promise, as to the soundness of the hogs; if made by appellant, it was an express warranty, and it was not necessary to prove, that, it was made as an inducement to the contract.

(c)   It will be observed, however, from the statements, as to the law heretofore made, that one of the necessary elements going to make up an express warranty, as to the condition of the property sold, is that the vendee relied upon the truth of the representation, and was induced thereby, to make a purchase. While it was held in McClintock v. Emick, etc., *supra,* that the motive of the vendor in making the representation, was immaterial, and for that reason, need not be alleged, it has been held in no case so far as our attention has been drawn, that it was unnecessary to allege and prove in an action for a breach of warranty, that the warranty was relied upon by the vendee, and operated as an inducement to his making the contract or the purchase. The doctrine is broadly stated in 35 Cyc. 376, as follows: "In order to maintain an action for breach of warranty, it must be shown, that the warranty was relied on. While the affirmation or promise need not have been the sole inducement to the purchase, it must have been an operative cause." The reason of this rule, is very evident. If the buyer had knowledge of the defects in the articles, or if he should disregard the warranty, and rely entirely upon his own judgment in the transaction, he would have no just complaint, that the warranty was false. In the instant case, the petition failed to allege, that the appellees relied upon the alleged warranty, or were induced by it, to any extent, in making the purchase. Although both of the appellees were present, when the contract for the purchase of the hogs, was made, they failed to testify, or to offer any evidence to the effect, that they believed, or relied upon the truth of the affirmations of appellant, or that same influenced them to any extent, or was an operative cause inducing them to make the contract. While the evidence for appellant tends to prove that the purchase was made by appellees without reliance or being induced by any warranty, as he testifies, that no warranty was made, and, also, that an inspection was made by appellees of the hogs, before receiving them as corroborative of his denial of the warranty having been made.

The instruction (number one) which submitted to the jury the issue as to whether or not there was a warranty made, did not require a finding by the jury before returning a verdict for appellees, that the appellees relied upon the warranty, or that it was an operative cause to any extent to the making of the purchase. Hence, the appellees have recovered a judgment, which can not be justified by either the law or the evidence. It was error to overrule the general demurrer to the petition, to overrule the motion for a directed verdict, and to give the instruction named.

(d)   The third instruction, given, directs the jury correctly as to the measure of damages recoverable by the appellees, if the warranty sued on, was found to have been made, in the absence of damages for any consequential losses in an effort on their part to minimize the losses; but in addition to the measure of damages fixed, directed the jury, that it could not take into consideration, any expenses incurred by appellees while at Paris, or in Mason county, in treating, or caring for the hogs. The appellant insists, that the latter part of the instruction, was misleading to the jury, in that it would infer, from that portion of the instruction, that it might, in assessing the damages, consider the expenses of appellees, in going to Prestonsburg, and the freights for shipping the hogs to Winchester, and expenses while at Winchester. The evidence shows no expenses incurred by appellees in the endeavor to minimize their losses before arriving at Paris, as the expenses, incurred by them, was their own railroad fare, the cost of shipping the hogs to Winchester, and feeding them at the latter place, and driving them to Paris, none of which expenses were incurred on account of the alleged breach of warranty, as the disease did not develop among the hogs, until they were removed from Winchester. The same expenses would have been incurred, if the hogs had been sound, and the measure of damages stated in the instruction, which was the difference between their market value, if sound, and their market value in the condition, they were in, would have compensated them for their losses until after leaving Winchester. Hence, the criticism of the latter part of the instruction seems well taken. No instruction was offered by the appellees as to any special damages, suffered by them, in attempting to minimize their losses after arriving at Paris with the hogs, and no objection

was made by appellees to the instructions given, which defined the measure of damages, and excluded any damages, suffered by them in their attempt to minimize their losses after the breach of the warranty became known, and, hence, the question, as to whether or not, they were entitled to have any of their claims for special damages submitted to the jury, is not before us.

(e)  By instruction number five, the jury was directed to find for the appellees, if it found the warranty to have been made, as submitted in instruction number one, whether appellant knew or did not know of the unsoundness of the hogs. This would be a correct statement, as to the law, if instruction number one, had been a correct one; and if stated correctly in instruction, number one, it was unnecessary to direct the jury to this effect again, when it had been substantially done in the first instruction.

(f)  The appellant offered instructions, which were designated, A, B, C, D and E, which were refused.

For reasons, heretofore stated, it will be unnecessary to consider instructions, "A" and "B," as they were properly rejected.

Instruction "D". was properly rejected. When the issue as to whether a warranty had been made and relied upon by the appellees, and such issue submitted to the jury, as heretofore directed, the mere fact, that the appellees made a cursory inspection of some kind of the hogs, when they were received, would not be a defense to their right of recovery upon the warranty, if they were relying upon it, as there is no evidence to the effect, that appellant ever withdrew the warranty, if he made it, and it further appears, that a mere cursory inspection of the hogs, would not develop the fact, that cholera existed among them at that time, on account of the nature of the disease. The proof of the inspection however, is competent evidence in the support of the appellant's theory of the case.

Instruction "E," was properly rejected, as there was no evidence, tending to prove, that, any of the hogs were purchased under any contract, save the one contract, between the parties. Instruction "C," offered by appellant, directed the jury not to find for appellees, any damages, which were caused by their negligence, after they discovered the diseased condition of the hogs, in not

using reasonable care in handling, and care of the hogs, so as to minimize the losses. This instruction was properly refused, because the appellant did not, in his answer, allege, that there had been any negligence, or want of care on the part of the appellees, in treating or caring for the hogs, after the disease was discovered, and his failure to make a plea to that effect, would deprive him of the right to have such issues submitted to the jury, regardless of any other questions, which might arise as to its propriety, and which are not before us. C. N. O. & T. P. Ry. Co. v. Crabtree, 100 S. W. 318; 30 K. L. R. 1000; Cumberland Ry. Co. v. Baird, 160 S. W. 919. Upon return of the cause the parties should be permitted to amend their pleadings, so as to set out properly the causes of action and defense, if they desire to do so.

The judgment is therefore reversed and cause remanded for proceedings not inconsistent with this opinion.