## Long v. Harbison & Gathright.

(Decided October 15, 1926.)

### Appeal from Breathitt Circuit Court.

1. Sales—Counterclaim in Action for Price of Saddlery Sold Held Insufficient for Failure to Allege Reliance on Alleged Warranty.— In saddler's action for price of goods sold, counterclaim alleging that among goods purchased was saddle for use of purchaser and his family, which was warranted to be of good material, that as result of breach of warranty defendant's infant son was thrown from horse and injured, held insufficient for failure to plead reliance on alleged warranty.

2. Pleading.—A counterclaim is not merely a defensive pleading, but sets up an independent action and must contain all allegations necessary in petition asserting same cause of action.

E. C. HYDEN for appellant.

A. M. RUSSELL for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant is a merchant doing business under the name of Matt J. Long Mercantile Company and the appellee, a corporation, is a wholesale manufacturer of and

dealer in harness and saddlery. Appellant, on April 19, 1923, purchased from appellee certain articles of merchandise for which he agreed to pay $129.45. On January 11, 1924, appellee instituted an action in the Breathitt quarterly court for the collection of the account. Appellant filed an answer and counterclaim in which he admitted the purchase of the goods, but alleged that among the articles purchased was a saddle which was purchased by him for his own use and for the use of the members of his family, including an infant son. That appellee represented that the saddle was made out of good material when in fact it was made out of rotten and defective material and as a result of its defective condition broke and caused his son to be thrown from a horse and seriously injured. Judgment for $199.00 was asked for loss of the services of his son and expenses incurred in treating the latter's injuries.

A demurrer to this answer and counterclaim was sustained and appellant failing to plead further judgment was entered for appellee for the amount of its claim. An appeal was taken to the Breathitt circuit court, where the demurrer was again sustained and the appellant filed an amended answer and counterclaim in which he alleged that the appellee, knowing the purpose for which the saddle was being purchased, warranted it to be made out of good material and to be suitable for the use intended. In the answer and counterclaim as amended the damages alleged to have been suffered by appellant were increased from $199.00 to $5,200.00, of which the sum of $200.00 was for expenses incurred in treating his son's alleged injuries and the sum of $5,000.00 was for the loss of his son's services. A demurrer to the amended answer and counterclaim was sustained and appellant failing to plead further judgment was entered for appellee.

We are of the opinion that the answer and countercaim was fatally defective and that the demurrer thereto was properly sustained, and it will be unnecessary, therefore, to refer to the other questions discussed in the briefs of counsel. A counterclaim is not merely a defensive pleading, but sets up an independent action and must contain all the allegations that would be necessary in a petition asserting the same cause of action.

Appellant in his counterclaim sought damages for a breach of warranty but failed to allege that he relied upon the warranty or that it operated as an inducement

to his making the purchase. In Stanley v. Day, 185 Ky 362, 215 S. W. 175, it was said:

> "It will be observed, however, from the statements as to the law heretofore made, that one of the necessary elements going to make up an express warranty, as to the condition of the property sold, is that the vendee relied upon the truth of the representation and was induced thereby to make a purchase. While it was held in McClintock v. Emick, etc., *supra,* that the motive of the vendor in making the representation was immaterial, and for that reason need not be alleged, it has been held in no case, so far as our attention has been drawn, that it was unnecessary to allege and prove in an action for a breach of warranty that the warranty was relied upon by the vendee and operated as an inducement to his making the contract or the purchase. The doctrine is broadly stated in 35 Cyc. 376 as follows: 'In order to maintain an action for breach of warranty, it must be shown that the warranty was relied on. While the affirmation of promise need not have been the sole inducement to the purchase, it must have been an operative cause.' The reason of this rule is very evident. If the buyer had knowledge of the defects in the articles, or if he should disregard the warranty and rely entirely upon his own judgment in the transaction, he would have no just complaint that the warranty was false."

The counterclaim in this case having failed to allege that appellant relied upon the alleged warranty and that it operated as an inducement to his making the purchase, the demurrer thereto was properly sustained.

Judgment affirmed.