## Steuerle v. National Bond & Inv. Co.

(Decided March 22, 1938.)

WALTER S. LAPP for appellant.

GEORGE WADE for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Joseph F. Steuerle has prayed an appeal from a judgment for $235.62 rendered against him in the Jefferson circuit court.

The facts, briefly stated, are these: The Stults Motor Company, which had the agency for Hupmobiles and probably other lines of automobiles, went into bankruptcy in November, 1933. It had in its possession a number of new automobiles; also a few demonstrators and used cars. These automobiles had been financed through the National Bond & Investment Company and the Credit Investment Company, and these companies took possession of the automobiles on which they held mortgages. Among the ones taken over by the National Bond & Investment Company was a 1933 Hupmobile four-passenger sedan, which it sold to appellant, who paid $110 in cash and executed a note for $585.60, payable in monthly installments of $36.60 each. As a part of the purchase price, the appellant also turned over to the appellee a car owned by him which he valued at $400 and which the appellee valued at $240. The price of the Hupmobile sedan was $1,195. About six months after the transaction, one of the tires of the automobile was punctured, and, when it was removed from the wheel to

be repaired, it was discovered that it had theretofore been damaged and had been repaired by placing a "boot" in the casing. Believing that an old tire had been put on the car through mistake, appellant notified the National Bond & Investment Company, which agreed to make a reasonable adjustment, whereupon he purchased a new tire for $16.02, and deducted that amount from his check for the next monthly payment on the note. This check was cashed by the company. Thereafter, Steuerle made an investigation and ascertained that the car sold to him was not a new car, but one that had been registered in the name of Mrs. Louise Stults, wife of the president of the Stults Motor Company, and used by her for more than two months. Thereupon, he refused to make further payments on the note, and this suit in equity by the National Bond & Investment Company to recover the sum of $235.62, the balance alleged to be due, followed.

In his answer and counterclaim, appellant alleged that, in addition to the sum of $359.98 which he had paid on the note, he was entitled to a credit of $16.02, the cost of replacing a damaged tire that was upon the automobile purchased by him. He further alleged that when he purchased the automobile it was represented and warranted to him by the agents of the plaintiff that the car sold was a new one, and had only been driven by the agents of the plaintiff a distance of approximately 50 miles; that he relied upon such representations and believed same to be true; and but for such representations and his reliance thereon he would not have purchased the automobile. He further alleged that the difference between the fair market value of the car as represented to him and its value in the condition in which it was delivered to him was the sum of $300. He asked that his note be canceled, and that he be given a judgment for $79.40 against the plaintiff. Proof was heard, and the court rendered judgment for the plaintiff for the amount claimed in its petition.

The appellant testified that the agents of appellee, who sold the car to him, represented that it was new and had been driven only a few miles. He was corroborated by a number of witnesses who were present when the sale was made. Frank Marx, plaintiff's agent who made the sale, and who was introduced as a witness by the plaintiff, testified that he did not know the car had been registered in the name of Mrs. Stults and used by

her, but believed that it had been used to a slight extent as a demonstrator and had been driven only a few miles. He stated that if he had known that it had been registered in Mrs. Stults' name and had been driven by her 2,000 miles or more, he would have considered it his duty to divulge these facts to the appellant. Mrs. Stults testified that the car was registered in her name September 9, 1933; that she kept it in her private garage and used it for pleasure, and also in the business of the Stults Motor Company. During the time she had it, she drove it to Detroit, Mich., Ashland, Glasgow, Lebanon, and other points in Kentucky. On a trip to Lebanon, Ky., she ran the car into the curb with such force that one of the tires suffered a blowout. The overwhelming weight of the evidence shows that appellant did not obtain what he purchased. He believed that he was purchasing a new car, or, at most, one that had been used as a demonstrator and driven only a few miles. Practically all of the proof showed that the speedometer, at the time the car was sold to appellant, indicated that the car had not been driven more than 40 or 50 miles. Mrs. Stults testified that the speedometer was not connected during the time that she used the car, and that she must have driven it as much as 1,500 or 2,000 miles. The car undoubtedly was a used car or secondhand car, and there was evidence that its market value was 35 to 40 per cent. less than its value as a new car, and $200 or $250 less than its value if it had been used as a demonstrator and driven only a few miles. It is clear that the appellee's agent did not intentionally misrepresent the facts to appellant, since they did not know that Mrs. Stults had used the car, but scienter need not be proven in an action for breach of warranty. Stanley v. Day, 185 Ky. 362, 215 S. W. 175.

Under all the facts, we think cancellation of the note will be a fair adjustment of the matter.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to dismiss the petition.