ARTHELLA MCLACHLAN *v.* WILMINGTON DRY GOODS CO.

(*November* 19, 1941.)

LAYTON, C. J., RODNEY and TERRY, J. J., sitting.

*George W. Lilly* for plaintiff.

*H. Albert Young* for defendant.

Demurrer to declaration.

Superior Court for New Castle County, September Term, 1941.

LAYTON, Chief Justice:

The plaintiff sued in assumpsit to recover special damages resulting from a breach of warranty. The declaration contains two counts, to both of which the defendant has demurred.

The first count alleges that the plaintiff, at the defendant's store in Wilmington, informed its agent or servant that she desired to buy a two piece play suit; that the servant "thereupon exhibited and recommended to the plaintiff that she purchase a certain two piece play suit, stating to the plaintiff at that time, that she would find the dress and the quality of said dress to be excellent; that the dress was of a color, and that the sizing therein or any other material therein was not injurious; that the defendant guaranteed the said dress in accordance with the above

statement and warranted that the said dress was suitable for wear; that the plaintiff upon the receipt of the said dress wore the same in the customary manner in which such dresses are intended to be worn and in reliance upon the representation given her by the defendant; that the dress was not reasonably fit for the purpose for which the defendant had made known to the plaintiff, but the said dress was unfit for use and wear, or to come in contact with the said plaintiff's skin, and unfit for use; that the said dress contained substances poisonous and wholly irritating and injurious to the skin; that as a result of the wearing of the said dress, and almost immediately in consequence thereof, the plaintiff's skin, on the face, neck and body, broke out in eruptions * * * causing much pain which became so violent that she was made ill, and was obliged to be treated by physicians * * *." Special damages were alleged with particularity.

The objections offered to the count are these: That the statements made by the defendant's agent were seller's talk or puffing expressions and did not constitute a warranty; that there is no averment that the garment contained substances poisonous or otherwise which would likely cause harm to any wearer; that the defendant is not charged with knowing or having reason to know of the harmful contents and ingredients of the garment; that there is no allegation of the kind of poisonous substances which rendered the garment inherently harmful to the plaintiff; that the special damages sought are not such damages as are recoverable in an action of assumpsit for breach of warranty; and that there is no sufficient averment of consideration.

By the Sales Act, Sec. 5991, *Rev. Code* 1935, an express warranty is defined as follows: "Any affirmation of fact or any promise by the seller relating to the goods is an

express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

■ The statement that the dress was of a color, and that the sizing or any other material therein was not injurious is an affirmation of fact, not mere seller's talk or the expression of an opinion. The common-sense interpretation to be given the statements as a whole is that the garment was suitable for wear and contained nothing that would cause injury to the plaintiff. The warranty differs essentially from that in *Meyer v. Rich's, Inc.,* 63 *Ga. App.* 896, 12 *S. E.* 2d 123, 124, where the statement, *inter alia,* "you would be perfectly safe in wearing this suit," was construed to be no more than a warranty that the quality and workmanship of the suit would prove satisfactory. But in that case the presiding judge dissented, being of the opinion that the express warranty should not be construed so as to exclude a warranty against the presence of foreign substances injurious to the wearer in the course of normal use. Nor is the warranty here similar to that in *Birdsinger v. McCormick Harvesting Machine Co.,* 183 *N. Y.* 487, 76 *N. E.* 611, 3 *L. R. A.* (*N. S.*) 1047, 5 *Ann. Cas.* 586. There the warranty was that a corn husker and shredder would do good work, was well made, of good materials, and was durable if used with proper care. It was held that the warranty was one of fitness for the purpose of the buyer, and not an insurance against accidents to the person resulting from a breaking down of the machine. The court went on to say that if the warranty had stated that the machine was safe for use, it would be clear that the parties had in mind the idea of danger and of some assurance against it. And

here one judge, dissenting, was of opinion that the warranty should be extended to cover the case of injury to the plaintiff in the course of operation of the machine. It is apparent here from the language of the statements alleged to have been made that the idea of safety in the use of the garment was in the minds of the parties. The warranty is similar in its effect to that in the case of *Tyler v. Moody & Offut,* 111 *Ky.* 191, 63 *S. W.* 433, 54 *L. R. A.* 417, 98 *Am. St. Rep.* 406. There the warranty was that a gas generator was absolutely safe and unable to generate enough gas to explode; and it was held that the idea of personal injury to the operator was in the contemplation of the parties.

■ The question is not whether the garment contained substances harmful to the skin of any wearer of it. The warranty is express. Cases in which the action was based on an implied warranty of fitness or suitability with resulting injury to an allergic or idiosyncratical person are not in point. See *Bianchi v. Denholm & McKay Co.,* 302 *Mass.* 469, 19 *N. E.* 2d 697, 121 *A. L. R.* 460; *Ross v. Porteous, etc., Co.,* 136 *Me.* 118, 3 *A.* 2d 650; *Zirpola v. Adam Hat Stores,* 122 *N. J. L.* 21, 4 *A.* 2d 73; *Gerkin v. Brown & Sehler Co.,* 177 *Mich.* 45, 143 *N. W.* 48, 48 *L. R. A.* (*N. S.*) 224. In the case of an implied warranty of fitness or suitability, it may well be, as said in *Flynn v. Bedell Co.,* 242 *Mass.* 450, 136 *N. E.* 252, 27 *A. L. R.* 1504, and in *Ross v. Porteous, etc., Co., supra,* that the scope of such warranty does not extend to fitness in respect of matters wholly unknown to the dealer and peculiar to the individual buyer. That is not the case here.

■ The ancient remedy for a false warranty was an action on the case sounding in tort. The remedy by assumpsit is of more modern development. Either mode of procedure may be adopted, but whether the declaration be in assumpsit or tort it need not aver a scienter. *Schuchardt*

*v. Allen,* 1 *Wall.* 359, 17 *L. Ed.* 642. In an action on the case in tort for a breach of a warranty, the scienter need not be laid in the declaration, nor, if charged, proved. 1 Chitty, Pleading, 137. Where the warranty is implied, knowledge of unfitness on the part of the defendant need not be shown. *Bianchi v. Denholm & McKay Co., supra;* and where the warranty was expressly made, it makes no difference whether the warrantor knew it was false, or did not know whether it was true or false. *Tyre v. Causey,* 4 *Harr.* 425, *Ellison v. Simmons,* 6 *Penn.* 200, 65 *A.* 591. In such case it is entirely unnecessary to allege knowledge of falsity of the representation. *Tyler v. Moody & Offutt, supra; Shippen v. Bowen,* 122 *U. S.* 575, 7 *S. Ct.* 1283, 30 *L. Ed.* 1172.

The usual damages recoverable for the breach of warranty of quality or fitness is the difference between the actual value of the goods bought and their value if they had been as warranted. Ordinarily, the wrong sustained by the buyer is redressed if that difference is awarded to him; but the measure of damage is more liberal under special circumstances with proof of special damages. The damages recoverable for a breach of warranty include all damages which, in the contemplation of the parties, or according to the natural or usual course of things, may result from the wrongful act. *Dushane v. Benedict,* 120 *U. S.* 630, 7 *S. Ct.* 696, 30 *L. Ed.* 810. The *Sales Act, Sec.* 6048 (7), *Rev. Code* 1935, in limiting damages resulting from a breach of warranty of quality to the difference in the value of the goods at the time of delivery and the value they would have had if they had answered to the warranty, conditions the limitations on the absence of special circumstances showing proximate damage of a greater amount. Sellers of goods may warrant them as they please; and if the consequential damages are the natural consequences of a breach

of the warranty, the plaintiff generally is allowed to recover them. 2 *Williston, Sales*, § 614. Where the consequential damage is personal injury to a third person, and the buyer is compelled to pay such damage, the weight of authority allows such recovery. The liability of the seller is clearer where the injury is to the buyer himself. 2 *Williston, supra*, § 614(a). Where the terms of the warranty are such that it is clear that the idea of personal safety in the use of the goods was in the contemplation of the parties, on principle, the buyer should be allowed to recover his damages for personal injuries resulting proximately from their use. *Ryan v. Progressive Grocery Stores*, 255 *N. Y.* 388, 175 *N. E.* 105, 74 *A. L. R.* 339; 24 *R. C. L.* 261.

The warranty, in effect, was that the garment contained nothing injurious. This was followed by an averment that the garment contained poisonous substances, irritating and injurious to the skin. There is nothing concealed or vague in the allegation. The defendant is informed of what it will have to meet at the trial. It is not necessary to allege the particular kind of poisonous substance with which the garment was impregnated. That is a matter of evidence.

Thus far the count is sufficient; but it must fall for the reason that consideration for the warranty is not sufficiently stated, if, indeed, there is any averment of consideration. Where a warranty is made at the time of the sale, it is a part of the contract, and the consideration for the sale furnishes the consideration for the warranty. It is alleged that the plaintiff stated her desire to purchase a play suit, and that, on receipt of it, she wore it. It may be supposed that there was a sale, but the fact lies in inference, and not in direct and positive allegation. There is no averment of consideration for the sale, except as price or consideration may be inferred from a sale. A fundamen-

tal rule of pleading requires that all material facts be stated positively and directly and not argumentatively or by way of inference. A declaration in assumpsit upon a warranty must state a consideration, and the whole of it. 19 *Ency. Pl. & Pr.* 101. In the approved forms of common-law pleading, invariably appears the averment that, in consideration that the plaintiff would buy a certain thing for a certain price or sum of money (stating the amount) the defendant promised the plaintiff that the thing bought would be of a certain quality, character or condition, followed by the averment that the plaintiff did buy the thing, and did pay the defendant the agreed sum of money, or whatever the consideration was. 2 *Chitty Pl.* 278; 1 *Harris's Entries,* 216; 1 *Edmunds, C. L. Forms,* 611 *etc.;* 2 *Winslow's Forms,* 386 *etc.* The pleading in this respect is highly argumentative, and is insufficient.

It is admitted that the action is in assumpsit. The second count plainly sounds in tort. It is not seriously defended. Actions in form ex contractu cannot be joined with those in form ex delicto. *Starr v. Starr,* 5 *W. W. Harr.* (35 *Del.*) 556, 170 *A.* 924; 1 *Chitty Pl.* 201, 205.

The demurrer is sustained as to each of the counts.