128 So.2d 149 (1961)
Edsel POSEY, Appellant,
v.
FORD MOTOR COMPANY, a corporation, and A. Bruce Carr, individually and doing business as Pensacola Tractor Company, Appellees.
No. C-237.
District Court of Appeal of Florida. First District.
March 28, 1961.
Merritt, Jackson, Anderson & Henderson, Pensacola, for appellant.
Yonge, Beggs & Lane, Pensacola, for appellee Ford Motor Co.
Hahn & Barksdale, Pensacola, for appellee Pensacola Tractor Co.
STURGIS, Judge.
This is an appeal from a final judgment for defendants entered pursuant to an order dismissing the complaint on the ground that it failed to state a cause of action.
The complaint alleges:
"1. The plaintiff is a natural person residing in Santa Rosa County, Florida. The defendant, Ford Motor Company, is a Delaware corporation authorized to do business in the State of Florida, and doing business in the State of Florida. The defendant, A. Bruce Carr, is a resident of Escambia County, Florida and does business under the name of Pensacola Tractor Company.
"2. On or about July 7, 1959 the plaintiff purchased from the defendant, A. Bruce Carr, doing business as Pensacola Tractor Company, a new Ford tractor, model No. 871/D for the sum of $3,400.00, which was paid by the plaintiff to the defendant. The defendant, A. Bruce Carr, offered for sale and did sell said tractor to the plaintiff and warranted and represented the same to be well constructed without defective parts, and to be suitable for use as a general farm tractor.
"3. The plaintiff relied upon the truth of said representation and warranty and supposed said tractor to be as represented and warranted.
"4. The said tractor was not well constructed, contained defective parts and was not suitable for use as a general farm tractor, and under proper use by the plaintiff as a general farm tractor has continually failed to operate properly, has continually broken down and has given the plaintiff practically no useful service as a general farm tractor.
"5. It has been necessary for the plaintiff to have said tractor repaired and adjusted, and to replace parts, at great inconvenience and cost to the plaintiff, and the defendant, A. Bruce *150 Carr, has finally conceded that the tractor cannot be put in proper condition for use as a general farm tractor.
"6. Because of the condition of the tractor as alleged above, and because of the fact that said tractor would continually break down, the plaintiff has been caused expense in the use of other farm equipment, has lost the use of said tractor, and has lost income from his farming business, and his crops have been damaged and destroyed.
"7. The defendant, Ford Motor Company, is the manufacturer of said tractor, and the defendant, A. Bruce Carr, is the dealer and agent for said said (sic) defendant, Ford Motor Company, and acted in his capacity as such in the sale of said tractor to the plaintiff. The defendant, Ford Motor Company, represents and warrants to the general public, and this plaintiff in particular, in order to induce the general public and this plaintiff to purchase said tractor and similar tractors, that said tractor and similar tractors are well constructed of non-defective parts and that said tractor is suitable for use as a general farm tractor.
"8. The plaintiff, in purchasing said tractor, relied upon the said representations and warranties made by the defendant, Ford Motor Company, and purchased the said tractor in reliance upon said representations and warranties."
Plaintiff insists that the above complaint asserts a proper claim for damages against both defendants for an alleged breach of warranty. While the complaint may not be a model of perfection, it clearly alleges that each of the defendants warranted and represented to plaintiff that the tractor purchased by plaintiff was well constructed without defective parts and was suitable for use as a general farm tractor, that plaintiff was thereby induced to purchase it from the defendants, and that said warranties and representations were breached to the injury of the plaintiff. This complaint does not fail to state a cause of action on any theory, as is necessary to sustain the motion to dismiss. 25 Fla.Jur., Pleadings, § 126; Love v. Hannah, Fla. 1954, 72 So.2d 39; Nolan v. Lunsford, 142 Fla. 671, 196 So. 193, 128 A.L.R. 649.
We have carefully reviewed the authorities cited by the defendant-appellees, but do not find them sufficiently in point to warrant the drastic action of dismissing the complaint. We are not concerned at this stage with the ability of the plaintiff to prove his case or with the scope of damages recoverable, assuming plaintiff's ability to establish a right to recovery. We go no further than to hold that the complaint does state a cause of action.
Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
WIGGINTON, Chief Judge, and CARROLL, DONALD K., J., concur.