223 So.2d 100 (1969)
Rolf E. WEIMAR, Appellant,
v.
YACHT CLUB POINT ESTATES, INC., a Florida Corporation, and C.E. Abrams D/B/a Abrams Flooring Company, Appellees.
No. 1473.
District Court of Appeal of Florida. Fourth District.
May 29, 1969.
*101 John R. Young, of Hamilton & James, West Palm Beach, for appellant.
Zell H. Altman, Lake Worth, for appellee Abrams.
CROSS, Judge.
Appellant-plaintiff, Rolf E. Weimar, appeals an order entered with prejudice denying plaintiff leave to file a fourth amended complaint against the appellee-defendant, C.E. Abrams doing business as Abrams Flooring Company. We affirm.
The pertinent parts of the complaint appertaining to the Defendant-Abrams is in three counts. The first count in essence alleges that the plaintiff entered into a written contract with the defendant building contractor, Yacht Club Point Estates, Inc., to construct a dwelling house for the plaintiff in return for a stated consideration, and that under the terms of the above mentioned contract the house was to be of C.B.S type construction and was to have hardwood and vinyl flooring throughout. It is alleged that the building contractor orally entered into a subcontract with the defendant-subcontractor Abrams to install the above mentioned hardwood and vinyl flooring in the plaintiff's home, and that the oral contract between the contractor and the subcontractor was for the benefit of the plaintiff, thus making the plaintiff a third party beneficiary of that contract. The first count further alleges that the subcontractor breached the oral contract with the building contractor, to which plaintiff was a third party beneficiary, by doing the floor in an improper and unworkmanlike manner; to wit, said subcontractor failed to properly ascertain whether the concrete *102 slab over which the flooring was laid was moisture-free, a precaution which was necessary to see that the slab was a proper surface over which to lay hardwood and vinyl flooring, and that as a direct and proximate result of the subcontractor's breach of contract the plaintiff incurred expenses and damages in a specified sum.
Count two alleged that the subcontractor was negligent in laying the abovementioned flooring in the plaintiff's home by failing to ascertain whether the concrete subfloor was moisture-free, which precaution was necessary to see that the slab was a proper surface over which to lay the flooring and which precaution was required by the installation instructions accompanying the type of flooring which was used; that the subcontractor had a duty to the plaintiff to take these precautions by virtue of the plaintiff's status as a third party beneficiary to the contract between the building contractor and the subcontractor, and also by virtue of the fact that having undertaken to do the job in the plaintiff's home, the subcontractor undertook a correlative duty to do such job in a non-negligent manner in performing the flooring subcontract; that as a proximate result of the subcontractor's breach of contract and negligence, plaintiff had to remove the flooring and install other floor covering; that the plaintiff's house was thereby damaged and devalued, causing the plaintiff to suffer specified damages.
The third count alleges that by virtue of the plaintiff's inquiring of the subcontractor as to the feasibility of laying the designated hardwood and vinyl flooring throughout the house, the subcontractor warranted to the plaintiff that the flooring to be used was of merchantable quality. Count three further alleges a breach of the aforementioned express warranty in that the flooring after having been placed in the plaintiff's house became badly discolored and individual squares of the flooring became loose, thus rendering the entire floor unfit for the purpose for which it was intended, and that as a direct and proximate result of the above mentioned breach of express warranty the plaintiff suffered specified damages.
The court denied leave to file the fourth amended complaint on the ground it failed to state a cause of action; hence, this appeal.
We have for determination the sole question of whether the complaint states facts sufficient to state a cause of action against the Defendant-Abrams. First to be considered is the fact that there is no contract involved in which the plaintiff, Rolf E. Weimar, is a party. The oral agreement referred to in the complaint is between the defendant, Yacht Club Point Estates, Inc., and the defendant, C.E. Abrams doing business as Abrams Flooring Company.
Florida has long recognized the propriety of a third party beneficiary who is not a party to a contract suing for damages as the result of the acts of one of the parties to the contract. Mugge v. Tampa Water Works Co., 1906, 52 Fla. 371, 42 So. 81, 6 L.R.A.,N.S., 1171; Woodbury v. Tampa Water Works Co., 1909, 57 Fla. 243, 49 So. 556, 21 L.R.A.,N.S., 1034; Di Camillo v. Westinghouse Electric Corp., Fla.App. 1960, 122 So.2d 499; Morse v. Hendry Corporation, Fla.App. 1967, 200 So.2d 816.
Cases are uniform that in order to sustain an action instigated by a party beneficiary, the plaintiff must plead the contract which was expressly for his benefit and one under which it clearly appears that he was a beneficiary. Cedillo v. Standard Oil Co. of Texas, 5 Cir.1961, 291 F.2d 246; Southern California Gas Co. v. A B C Construction Company, 1962, 204 Cal. App.2d 747, 22 Cal. Rptr. 540; McCann Plumbing Company v. Plumbing Industry Program, Inc., Fla.App. 1958, 105 So.2d 26.
In the instant case, the plaintiff has alleged that the defendant, Yacht Club Point Estates, Inc., orally employed and contracted with Abrams to do the flooring. There are no allegations in the complaint *103 illustrating the terms of the oral agreement between the two defendants and how those terms inure to the benefit of the plaintiff as a third party beneficiary to the contract, nor are there any allegations as to whether there was an intent by the two defendants to so benefit the plaintiff. The written contract between the plaintiff and the building contractor, to which the plaintiff refers as having spawned the oral agreement between the building contractor and the subcontractor, has not been included in the record on appeal and by its absence we are further unable to ascertain whether by virtue of it the contract between the two defendants was for the benefit of the plaintiff. Since the allegations of count one consist of merely legal conclusions, the trial court was eminently correct in determining that it failed to state a cause of action.
The essence of the allegations in count two assert that Abrams was under a duty to the plaintiff to install the said flooring in a non-negligent manner, and that this duty to the plaintiff arose by virtue of the oral contract mentioned in count one by which the plaintiff was a third party beneficiary.
While it has been frequently declared to be a rule that no cause of action in tort can arise from a breach of a duty existing by virtue of contract, on the other hand a contractual relation between the parties is not necessary to the existence of a duty the violation of which may constitute actionable negligence where the relation which is requisite to the existence of a duty to exercise due care is to be found in something else. 38 Am.Jur., Negligence, § 21.
The true question in any case involving tort liability is, "Has the defendant committed a breach of duty apart from the contract?" If he has only committed a breach of contract, he is liable only to those with whom he has contracted; but if he has committed a breach of duty apart from the contract, he is not protected by setting up a contract in respect of the same matter with another person. Aetna Insurance Company v. Illinois Central Railroad Co., 1936, 365 Ill. 303, 6 N.E.2d 189, cert. dism. 302 U.S. 652, 58 S.Ct. 269, 82 L.Ed. 505.
In the instant case, the only allegations of a duty asserted to have been breached by the person charged with the negligence is the duty created by contract. Since there are no allegations of a breach of a duty apart or independent from the contract, privity of contract must exist between the person charged with the negligence and the person who has been injured by such breach. Sufficient allegations showing that a contract was made for the benefit of the person who has been injured by the breach would by operation of law create the necessary privity between the person charged with negligence and the person who has been injured to establish a binding legal obligation. Calder v. Richardson, S.D.Fla. 1935, 11 F. Supp. 948.
Since recovery on a third party beneficiary contract is a recovery on the contract itself,[1] the right of the beneficiary being no greater than if the contract were in force between the nominal parties,[2] it behooves one seeking to establish a cause of action as a third party beneficiary to sufficiently allege the terms and provisions of the contract which he asserts was made for his benefit. Failure to do so may result in dismissal of the cause, particularly where it cannot be determined by the allegations whether a third party beneficiary is a donee, creditor or incidental beneficiary, since only those falling within the first two classes may maintain an action on the contract. Barzda v. Quality Courts Motel, Inc., 5 Cir.1967, 386 F.2d 417; Di Camillo v. Westinghouse Electric Corp., supra.
*104 Count two fails on two bases. First in order to prevail under count two, the plaintiff would have to have sufficiently alleged that he was a third party beneficiary. Thus count two in this manner relies upon the allegations of count one to sustain itself. Second, count two is insufficient, since the plaintiff relies upon acts constituting a breach of duty existing by virtue of the contract. He does not assert that there was a breach of a duty apart from the contract.
In count three the plaintiff seeks to establish the breach of an express warranty of merchantable quality. Plaintiff simply asserts that the defendant breached this express warranty in that the flooring laid in the plaintiff's home by the defendant became badly discolored and individual squares of the flooring became loose, thus rendering the entire floor unfit for the purpose for which it was intended.
An express warranty has been defined as, "A statement or representation made by the seller of goods, contemporaneously with, and as a part of the contract of sale, though collateral to the express object of it, having reference to the character, quality or title of the goods, and by which he promises or undertakes to insure that certain facts are or shall be as he then represents them." 77 C.J.S. Sales § 301 at 1115 and § 309 at 1135; 46 Am.Jur., Sales, § 299, at 482.
When a pleader seeks to allege a cause of action based on warranty, the complaint shoud expressly set forth the following essential allegations:[3]
1. Facts in respect to sale of the product or other circumstances giving rise to warranty, express or implied,[4] identifying the type of warranties accompanying the pertinent transactions involved.[5]
2. Reliance upon the representations by the seller or skill and judgment of the seller where the action is based upon express warranty or warranty of fitness for a particular purpose.[6]
3. Circumstances of the injury as caused by the breach of warranty.[7]
4. Notice of breach of warranty.[8]
5. Injuries sustained and damages.
The allegations in count three of plaintiff's fourth amended complaint fall far short of setting forth a cause of action based on breach of an express warranty.
For the foregoing reasons the trial court was eminently correct in determining that plaintiff's fourth amended complaint failed to state a cause of action.
Affirmed.
McCAIN, J., concurs.
OWEN, J., dissents, with opinion.
*105 OWEN, Judge (dissenting).
The court dismissed with prejudice appellant's fourth amended complaint for its failure to state a cause of action against the appellee.
The allegations are in substance as follows: Plaintiff (appellant), desiring to have a home constructed, entered into a written contract with defendant building contractor, who in turn entered into a subcontract with defendant subcontractor (appellee) for the installation of certain flooring in the plaintiff's home; defendant subcontractor negligently and carelessly performed the flooring subcontract, as a proximate result of which plaintiff had to remove the flooring and install other floor covering; plaintiff's house was thereby damaged and devalued causing plaintiff damages in excess of $1,000.
The court was of the view that since there was no privity of contract between plaintiff owner and defendant subcontractor, plaintiff could not recover against the flooring subcontractor under Count I as a third party beneficiary of the contract between the general contractor and the subcontrator, nor could plaintiff recover under Count II on the theory of negligence.
In my opinion privity of contract was not a prerequisite and the appellant's fourth amended complaint was sufficient to state a cause of action against appellee under either theory. As authority for appellant's right to bring the action as a third party beneficiary see Auto Mutual Indemnity Co. v. Shaw, 1938, 134 Fla. 815, 184 So. 852; American Surety Co. of New York v. Smith, 1930, 100 Fla. 1012, 130 So. 440; Woodbury v. Tampa Water Works Co., 1909, 57 Fla. 243, 49 So. 556, 21 L.R.A.,N.S., 1034; Mullray v. Aire-Lok Co., Fla.App. 1968, 216 So.2d 801. As authority upholding appellant's right to sue a subcontractor for damages resulting to the owner's property because of negligence of the subcontractor see Slavin v. Kay, Fla. 1958, 108 So.2d 462; Banfield v. Addington, 1932, 104 Fla. 661, 140 So. 893; Mullray v. Aire-Lok Co., supra; Stewart v. Cox, 1961, 55 Cal.2d 857, 13 Cal. Rptr. 521, 362 P.2d 345; Prosser on Torts, § 96 at 658 et seq. (3d ed 1964); 65 C.J.S. Negligence §§ 4(11), 96.
The judgment of dismissal should be reversed.
NOTES
[1] Marianna Line Products Co. v. McKay, 1933, 109 Fla. 275, 147 So. 264.
[2] Fidelity & Casualty Co. of New York v. Plumbing Department Store, 1934, 117 Fla. 119, 157 So. 506.
[3] Caveat. The Florida Legislature has seen fit to adopt the Uniform Commercial Code. The Code became effective 12:01 a.m. on January 1, 1967. It applies to transactions entered into and events occurring after that date. The law appertaining to express warranties is now included in F.S. § 672.2-313, F.S.A. It is strongly suggested in order to form adequate pleadings involving express warranties that the pleader refer to 1 Uniform Laws Annotated, Uniform Commercial Code § 2-313 and cases cited thereunder.
[4] Dixie Seed Co. v. Smith, 1961, 103 Ga. App. 386, 119 S.E.2d 299.
[5] Frisken v. Art Strand Floor Coverings, 1955, 47 Wash.2d 587, 288 P.2d 1087; Posey v. Ford Motor Co., Fla.App. 1961, 128 So.2d 149.
[6] Wesson Oil & Snowdrift Co. v. Orr, 1963, 274 Ala. 463, 149 So.2d 462; Posey v. Ford Motor Co., Fla.App. 1961, 128 So.2d 149.
[7] McLachlan v. Wilmington Dry Goods Co., 1941, 2 Terry 378, 41 Del. 378, 22 A.2d 851.
[8] Smith v. Pizitz of Bessemer, Inc., 1960, 271 Ala. 101, 122 So.2d 591.