SHEVIN, Judge.
Key Largo Marina, Inc., the defendant-counterplaintiff in this action, appeals a final judgment. We reverse because the record demonstrates that there is no evidence to support the trial court’s finding that the Sabins were third-party beneficiaries of the lease between Key Largo Marina, Inc., and Atlantic Coast Yacht Club, Inc. “Unless a contract is entered into for *520 the direct and substantial benefit of a third party, it binds and benefits only the parties themselves. The intention of the contracting parties, gleaned from the contract itself, is determinative.” City of Tampa v. Thornton-Tomasetti, P.C., 646 So.2d 279, 282-83 (Fla. 2d DCA 1994); Weimar v. Yacht Club Point Estates, Inc., 223 So.2d 100 (Fla. 4th DCA 1969). There is nothing in the Key Largo-Atlantic Coast lease that even remotely references or mentions the Sabins or any interest the Sabins may have. There was absolutely no evidence to support the court’s finding that the Sabins had a lifetime leasehold interest in either the houseboat or the slip where it was located. We therefore remand for further consistent proceedings.
The judgment is reversed.