WASSERSTROM v. COHEN, FRANK & CO. (No. 6534.)

(Supreme Court, Appellate Division, First Department. December 18, 1914.),

1. WORDS AND PHRASES—"JOBBER"—"MANUFACTURER."
     A "jobber" is a merchant buying and selling in job lots, and is not a "manufacturer."
     [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jobber; Manufacturer.]

2. SALES (§ 261*)—EXPRESS WARRANTY—ACTS CONSTITUTING.
     Where a salesman of a jobber in leather merely stated to a buyer that he was selling leather to the best houses in the city, in response to a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

question of the buyer as to whether it was good leather, there was no express warranty as to the quality of the leather.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 727–735; Dec. Dig. § 261.*]

3. SALES (§ 273*)—CONTRACTS—IMPLIED WARRANTY—STATUTORY PROVISIONS.

To bring a case within Personal Property Law (Laws 1911, c. 571) § 96, subd. 1, providing that where the buyer expressly or by implication makes known to the seller the particular purpose for which the goods were required, and the buyer relied on the seller's skill and judgment, there is an implied warranty that the goods are reasonably fit for the purpose, it must appear that the seller was informed, expressly or by implication, of the purpose for which the goods are purchased, and that the buyer relied on the seller's skill and judgment; and where a buyer of leather to be used in making shoes had as wide an experience and knowledge as the seller's salesman, knowing the purpose of the buyer, there was no implied warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 772–776; Dec. Dig. § 273.*]

4. APPEAL AND ERROR (§ 1175*)—DISPOSITION OF CASE ON APPEAL—QUESTION OF LAW.

Where there is no disputed question of fact, the Appellate Division, on appeal from a determination of the Appellate Term, affirming a judgment of the Municipal Court, will award the proper judgment, instead of sending the case back for retrial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Appellate Term, First Department.

Action by Louis B. Wasserstrom against Cohen, Frank & Co. From a determination of the Appellate Term, affirming a judgment of the Municipal Court, granting insufficient relief to plaintiff, he appeals. Modified and affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Franklin Taylor, of New York City, and Joseph J. Zeiger, of Brooklyn, for appellant.

Israel Perskin, of Brooklyn, for respondent.

SCOTT, J.  The plaintiff appeals from the affirmance of a judgment in his favor, his grievance being that the trial court allowed a counterclaim in behalf of defendant.  Although the action originated in the Municipal Court, the pleadings were written   The complaint was for goods sold and delivered, for which there was claimed to be due $334.04.  The defense consisted of a counterclaim for a breach of warranty, the allegations being such as would be applicable to a case of an express warranty.  It was made quite clear from the facts developed upon the trial that there had been no express warranty of quality, such as was alleged in the answer, and the defendant has been forced to fall back upon a claim of an implied warranty under the terms of a statute to be presently quoted.

[1] The plaintiff is what is known as a "jobber" in leather; that is, a merchant buying and selling leather in job lots, being neither a manufacturer, nor an importer.  The defendant is a shoe manufac-

turer. The subject of the sale was a quantity of patent leather. It was, as the event proved, defective in quality and unfitted for the purpose to which defendant, to plaintiff's knowledge, intended to put it.

[2] Defendant was a large consumer of patent leather, buying and using about 1,000 feet a week. Its vice president, who made the purchase in question, had been engaged in the business for many years, and had bought large quantities of patent leather. Plaintiff's salesman, who effected the sale for him, had been engaged a much less number of years in the business of dealing in such leathers. The defects in the leather were not apparent on mere inspection. The only evidence of an express warranty is to the effect that defendant's buyer asked the salesman, "Is it good leather?" to which the salesman replied, "I am selling it to the best houses in the city." Clearly this was no warranty, and the defendant does not seriously contend that it was.

[3] Defendant's reliance is upon subdivision 1 of section 96 of the Personal Property Law, which went into effect on September 1, 1911. Laws 1911, c. 571. That subdivision, as enacted by the statute last mentioned, reads as follows:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods were required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

This amendment reverses the rule which formerly obtained in this state, which recognized implied warranties of fitness upon sales by manufacturers, but not against mere dealers, and brings our law into harmony with that prevailing in England and in many of the states in this country. See Am. & Eng. Encyclopedia of Law, vol. 15, pp. 1235, 1236, and cases cited. It will be observed that, in order to bring a case within the purview of the act, two things must appear: First, that the seller must be informed, expressly or by implication, of the purpose for which the goods are purchased; and, second, the buyer must appear to have relied on the seller's skill and judgment.

As to the first requirement, it sufficiently appears in the present case that the seller knew the purpose for which the leather was purchased, to wit, to be made up into shoes. But there is no allegation in the answer, and no evidence, and no implication arising from the circumstances and the relation of the parties, that defendant relied on the skill and knowledge of plaintiff's salesman. So far as skill, knowledge, and experience was concerned, the parties stood at the very least upon an equality, if, indeed, defendant's purchaser had not much wider experience and knowledge than plaintiff's salesman. In this regard the case is much like Hight v. Bacon, 126 Mass. 10, 30 Am. Rep. 639, wherein, under very similar circumstances, in a jurisdiction in which the rule of our statute prevails, it was held that no implied warranty could be found.

[4] The case was tried in the Municipal Court without a jury, and no other question is presented, except that herein discussed. As to that there is no disputed question of fact. There would be no use-

ful purpose to be served, therefore, by sending the case back for retrial. The determination of the Appellate Term, and the judgment appealed from, will therefore be so modified as to award to plaintiff the amount demanded. in the complaint, with interest, with costs to plaintiff appellant in all courts. All concur.