(91 South. 311)

ABERCROMBIE v. VIRGINIA–CAROLINA CHEMICAL CO. (3 Div. 530.)

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Nov. 17, 1921.)

1. Sales ⚍418(19) — Damages for loss of crop caused by breach of contract in delivering low grade fertilizer not speculative.

Where a seller of high grade cotton seed meal knew that it was to be used as a fertilizer, and committed a breach of the contract by delivering a low grade cotton seed meal, and the buyer did not discover the breach until too late to remedy same, and by reason thereof practically lost the crop he had planted, he was entitled to recover for loss of the crop; such damages not being speculative.

2. Sales ⚍354(7) — Plea held to sufficiently negative fault of buyer in use of goods as against demurrer.

In an action for the price of cotton seed meal sold for fertilizer, a plea that the meal furnished was not of the quality contracted for and failed to make a reasonable crop, and that such failure was by reason of plaintiff's breach of the contract in delivering a low grade fertilizer, sufficiently negatived any fault on the part of the defendant in the use of the fertilizer as against a demurrer.

3. Sales ⚍418(19) — Knowledge of particular use of fertilizer held not essential to seller's liability for delivering inferior grade; "notice."

Where a seller of cotton seed meal had knowledge that the meal was to be used on the farm of the buyer, as a fertilizer, such circumstance became an implied element of the contract, and where a meal of an inferior grade and one which was injurious to crops was delivered, the seller was liable for loss of the crops, though he was not informed as to the particular crop which the buyer intended to fertilize with the meal, as "notice" includes knowledge of and means of knowing the facts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Notice.]

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Assumpsit by the Virginia-Carolina Chemical Company against J. W. Abercrombie. From a judgment sustaining demurrers to the special plea, defendant, declining to plead further, suffered judgment and appealed. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The special plea referred to is as follows:

(1) That the account herein sued on arises out of a contract by and between the plaintiff and defendant, under which contract defendant purchased from the plaintiff one ton of high-grade cotton seed meal, which plaintiff sold to defendant to be used as a fertilizer on defendant's farm near Montgomery, Ala., which fact he communicated to the plaintiff at the time of entering into said contract; and defendant says that the plaintiff breached the contract in this, that it failed to deliver to defendant said ton of high-grade cotton seed meal, but delivered to defendant one ton of cotton seed meal that was not high-grade meal, but was low-grade meal, and was of much less value as fertilizer than the high-grade cotton seed meal which defendant contracted to buy and plaintiff contracted to sell; and defendant did not discover said breach of said contract until after he had used said cotton seed meal as fertilizer on said farm and had planted his crop, and until after it was too late to apply other fertilizer thereto, and that by reason of and a proximate consequence of the plaintiff's breach of its said contract with defendant in delivering a low grade of cotton seed meal to the defendant, defendant was greatly damaged in this, that he made a very small crop; that he practically lost the crop he planted on said land, whereas, if said fertilizer had been high-grade cotton seed meal as contracted for, defendant would have made a much larger crop and considerable profits, all to the defendant's damage as aforesaid in the sum of $1,000, which he hereby offers to recoup against plaintiff's demands, and he claims judgment for the excess.

To this plea, the plaintiff in the court below filed the following demurrer:

Comes the plaintiff in the above-stated cause, and demurs to the first plea filed by defendant and as grounds of demurrer assigns the following:

(1) Said plea constitutes no defense to the complaint filed in said cause or any count thereof.

(2) Said plea is vague, indefinite, and uncertain.

(3) The averment that the defendant made a very small crop and made no profit on said crop is a conclusion of the pleader, speculative, and constitutes no defense.

(4) The averment in said plea "that he practically lost the crop he planted on said land, whereas if said fertilizer had been high grade as contracted for, defendant would have made a larger crop and considerable profit," is a conclusion of the pleader.

(5) The averment in said plea as shown in the next preceding ground of demurrer is speculative and indefinite.

(6) Said averment in said plea is no defense to this suit.

(7) The claim or demand in said plea "sounds in damage merely," and cannot be interposed as set-off or counterclaim.

(8) It is not alleged that plaintiff had knowl-

---

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

edge of the facts and purposes for which defendant purchased said cotton seed meal at the time same was purchased.

(9) Said damages claimed by the defendant are remote, uncertain, and speculative.

(10) For aught that appears, defendant is responsible for his failure to make a reasonable crop.

(11) It is not averred that said cotton seed meal was purchased by defendant from plaintiff for any special purpose.

(12) It is not alleged the kind of crop for which the fertilizer was to be used, and notice of same to plaintiff.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The court erred in sustaining demurrers to plea 1. Section 6300, Code 1907; 12 Ala. App. 456, 68 South. 545; 201 Ala. 194, 77 South. 720; 15 Ala. App. 532, 74 South. 88; 108 Ala. 262, 18 South. 886; 192 Ala. 265, 68 South. 890; 184 Ala. 242, 63 South. 982; 66 Ala. 582; 9 Ala. App. 164, 62 South. 388; 167 Ala. 434, 52 South. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; 16 Ala. App. 223, 77 South. 61.

Holloway & Hill, of Montgomery, for appellee.

There was no error in sustaining demurrers to the plea. 158 Ala. 219, 48 South. 487; 78 Ala. 511, 56 Am. Rep. 52; 75 Ala. 168, 51 Am. Rep. 435; 8 R. C. L. 461; 35 Cyc. 644; 223 N. Y. 63, 119 N. E. 227, 1 A. L. R. 154; 17 C. J. 785; 187 Ala. 25, 65 South. 393; 78 Ala. 243, 56 Am. Rep. 28; 94 Ala. 626, 10 South. 333; 158 Ala. 149, 48 South. 548.

GARDNER, J. Appellee sues appellant on common counts for $83 for goods, wares, and merchandise sold by the plaintiff to the defendant, to which suit the defendant interposed a special plea, which will appear in the report of the case. This plea discloses that the account here sued on arose from a contract between the parties for the purchase of one ton of high-grade cotton seed meal, sold by plaintiff to the defendant, to be used as fertilizer on the latter's farm, which fact was made known to the plaintiff at the time of the contract; and that the plaintiff breached the contract, in that it delivered to the defendant one ton of cotton seed meal which was of low grade, and of much less value as fertilizer than the high-grade meal which he had contracted to buy, and which plaintiff had contracted to sell; that the defendant did not discover the breach of the contract until it was too late to remedy the same, and that by reason of said breach, and as a proximate consequence thereof, the defendant was damaged, in that he practically lost the crop he planted on the land, whereas, if the fertilizer had been high-grade meal, as contracted for, a much larger and more profitable crop would have been made; and by the plea the defendant seeks to recoup the damages thus suffered against plaintiff's demand, and claims judgment for the excess. Demurrer to this plea was sustained, and, the defendant declining to plead further, judgment was rendered for the plaintiff, and this appeal is prosecuted by defendant to review the ruling of the court on demurrer to said plea. This is the only question presented for consideration.

[1] In Bell v. Reynolds, 78 Ala. 511, 56 Am. Rep. 52, it was held that damages for the loss of a crop were recoverable in cases similar to that set forth in this special plea; and this court is now definitely committed to the proposition that such damages are not speculative. International Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 South. 549, 49 L. R. A. (N. S.) 415; Middleton v. Foshee, 192 Ala. 265, 68 South. 890; International Agr. Corp. v. Abercrombie, 192 Ala. 50, 68 South. 873. The assignment of demurrer that the damages claimed were too uncertain and speculative was therefore not well taken.

[2] Another assignment of demurrer is to the effect that for aught that appears the defendant is responsible for his failure to make a reasonable crop; but the plea alleges that the failure of the crop was by reason and as a proximate consequence of plaintiff's breach of the contract with defendant, and we think this averment sufficiently meets that objection.

[3] Assignments of demurrers 8, 11, and 12 take the point that the plea fails to aver that plaintiff had knowledge of the facts and purposes for which the defendant purchased the cotton seed meal at the time it was purchased, or that it was for any special purpose; and that it fails to aver for the use of what kind of crop the fertilizer was obtained, and notice thereof to the plaintiff. Much stress is laid upon these objections to the plea by counsel for appellee in support of the ruling of the court below. We are of the opinion, however, they were not well made. It is a general rule of law that he who breaks a contract is liable to compensate the other party for all damages occasioned by the breach which might reasonably be expected to flow therefrom under ordinary circumstances or peculiar circumstances of which the contractor is informed at the time of contracting. In Daughtery v. Am. Union Tel. Co., 75 Ala. 168, 51 Am. Rep. 435, this court treated at some length this general rule as announced in the leading case of Hadley v. Baxendale, 9 Exch. 341, stating that in fact that decision declared two rules for the assessment of damages for the breach of contract; the first, where there are no special circumstances in the case to distinguish it from the great mass of contracts of the same kind wherein the damages recoverable are such as naturally and generally result from such breach, according to the usual course of things, and the second rule, where there are special circumstances in the

contract and its observance which take it out of the usual course of things. In the cases arising under the second rule, if the special circumstances be unknown and uncommunicated, then they are not the natural result of the breach. If, however, they are communicated, they become an implied element of the contract, and the parties are presumed to contract in reference to such special circumstances.

The averments of this plea are such as to bring it within the second rule that the special circumstances were that the cotton seed meal was purchased, not for resale, but to be used as fertilizer upon the defendant's farm, and that these facts were communicated to the plaintiff at the time of the purchase. The plaintiff was therefore informed, according to this plea, that defendant was purchasing a high-grade cotton seed meal to be used as fertilizer on his farm. These special circumstances being thus communicated became an implied element of the contract, and the parties therefore were presumed to contract in reference to special circumstances. In Bell v. Reynolds, supra, it was said:

"It is consonate with both justice and sound sense, that one should be 'held liable for all those consequences which might have been foreseen and expected as the result of his conduct, but not for those which he could not have foreseen, and was therefore under no moral obligation to take into consideration.'"

Does the plea therefore sufficiently allege a communication to the plaintiff of these special circumstances? We answer in the affirmative. It has been held that the terms "special purpose" and "notice" used in cases of this character should receive reasonable interpretation with reference to the subject to which they are applied. Notice includes knowledge of and means of knowing the facts. West. Union Tel. Co. v. Sheffield, 71 Tex. 570, 10 S. W. 752, 10 Am. St. Rep. 790. Nor is it required that the party sought to be charged for the breach should have exact knowledge or information in detail. Kelley, etc., Co. v. La Crosse Carriage Co., 120 Wis. 84, 97 N. W. 674, 102 Am. St. Rep. 979; 8 R. C. L. 461. There was no necessity for the plea to aver that plaintiff was informed the fertilizer was to be used for any particular crop, as of corn or cotton, as these were mere matters of detail. Plaintiff was informed that the meal was being purchased to be used as fertilizer upon a farm. Common knowledge, as well as reason and common sense, supplied all the necessary details, and the parties must be held to have contracted in contemplation of these special circumstances. Bell v. Reynolds, supra; Pacific Guano Co. v. Mullen, 66 Ala. 582.

We are of the opinion the plea was not subject to the demurrer interposed. The judgment of the court sustaining the demurrer is therefore reversed, and, the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.