### Doris Manning *vs.* Elias M. Loew.

Suffolk. February 1, 1943. — February 23, 1943.

Present: Field, C.J., Lummus, Dolan, Cox, & Ronan, JJ.

*Contract*, Performance and breach. *Practice, Civil*, Variance, Ordering verdict.

In an action for breach of a contract with a declaration setting forth, as the consideration for an alleged promise of the defendant, a promise by the plaintiff "that she would devote herself at all times required by him [the defendant] to the companionship and service of the defendant and to accompany him to such places as he should designate," reliance by the plaintiff on proof showing that an essential

part of the contract was that the plaintiff would "be like a daughter" to the defendant constituted a variance justifying the ordering of a verdict for the defendant.

The ordering of a verdict for the defendant which was justifiable because there was a variance between the declaration and the proof disclosed no error even though there was no statement in the record that it was done with the pleadings in mind.

In an action for breach of an agreement involving a promise by the plaintiff that she would "be like a daughter to" the defendant, admissions by the plaintiff that she had had sexual intercourse with the defendant at various times and that she had been in bed with another man and had had her picture taken in bed with him, and had gone to resorts with him after the defendant had left her at her hotel for the night, established conduct inconsistent with the ·plaintiff's promise and warranted the ordering of a verdict for the defendant.

CONTRACT. Writ in the Superior Court dated December 29, 1941.

The case was tried before *Williams*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant.

*J. C. Johnston*, for the plaintiff.

*J. B. Abrams*, (*F. G. Hinckley* with him,) for the defendant.

LUMMUS, J. In this action of contract the plaintiff was the only witness on the question of liability. Her testimony tended to prove the following facts. The defendant lives in Boston, but the parties met in January, 1941, in a restaurant in Miami, Florida, where the plaintiff was employed as a waitress. The defendant owned a chain of moving picture theatres in New England, and also had such a theatre in Miami, where he gave the plaintiff employment. Later, at the ·invitation of the defendant, the plaintiff came to Boston, where the defendant met her. She later went to New York, but returned to Boston on request of the defendant.

When the plaintiff got back to Boston, the defendant met her, and told her, to use her words, that "if I would stay here in Boston, and not go back to New York, and be like a daughter to him, accompany him to his home and on trips and see him any time that he wanted to see me, and be a companion and daughter to him, that he would then put me in the movies; he would get me a screen test. He would see that I got this screen test; if I couldn't that he would

produce a picture himself, he would star me in it." It could be found that the plaintiff accepted this offer and agreed to perform its terms.

Subsequently the plaintiff accompanied the defendant to his house, to eating places, to New York and other cities, and on a yachting trip. The defendant was living apart from his wife. In December, 1941, the defendant told the plaintiff that he was through with her and that he was not serious about the alleged agreement. The plaintiff then consulted a lawyer, and this action was begun. At the trial a verdict was directed for the defendant, subject to the plaintiff's exception.

The declaration set forth as the consideration for the defendant's promise that the plaintiff agreed "that she would devote herself at all times required by him [the defendant] to the companionship and service of the defendant and to accompany him to such places as he should designate." Nothing was said in the declaration about being a daughter, or like a daughter, to him, though that was an essential part of the contract according to the plaintiff's testimony, by which she is bound. There was therefore a variance between the declaration and the proof. The action of the judge in directing a verdict for the defendant was not error, even though there was no express statement that the ruling was made with the pleadings in mind. *Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529, 533.

But if we consider the merits without regard to the pleadings, the direction of a verdict for the defendant was not error. Not only did the plaintiff admit that she had sexual intercourse at various times with the defendant (*French* v. *Boston Safe Deposit & Trust Co.* 282 Mass. 600, 607), but she also admitted that she had been in bed with another man and had had her picture taken in bed with him, and had gone to resorts with that man after the defendant had left her at her hotel for the night, as he thought. Her admitted conduct was not consistent with her promise to act as a daughter to the defendant.

*Exceptions overruled.*