ANNE PAYNE *vs.* R. H. WHITE COMPANY.

Middlesex.    May 5, 1943. — May 25, 1943.

Present: FIELD, C.J., LUMMUS, QUA, & DOLAN, JJ.

*Sale,* Warranty. *Evidence,* Presumptions and burden of proof. *Pleading, Civil,* Declaration. *Practice, Civil,* Ordering verdict.

Evidence that a woman went to a store to buy a dress and bought one suggested by the salesgirl warranted findings that within G. L. (Ter. Ed.) c. 106, § 17 (1), she made known to the storekeeper that the dress was bought to be worn and that she relied on his skill or judgment not to sell her a dress containing a latent harmful substance.

A finding that the skin of a buyer of a dress was only normally sensitive to infection or irritation from her wearing it was permissible where there was no evidence either way on the issue.

A cause of action by a purchaser of goods for breach of an implied warranty of fitness under G. L. (Ter. Ed.) c. 106, § 17 (1), was not stated by a declaration omitting allegations that the plaintiff made known to the defendant the particular purpose for which the goods were required, and that the plaintiff relied on the defendant's skill or judgment.

There was no error in ordering a verdict for the defendant on evidence sufficient to support a cause of action insufficiently stated in the declaration.

CONTRACT OR TORT.　Writ in the Superior Court dated February 10, 1941.

The action was tried before *Beaudreau*, J.

*R. C. Evarts*, for the plaintiff.

*Joseph P. Sullivan*, (*A. F. Bickford* with him,) for the defendant.

LUMMUS, J.　The evidence for the plaintiff was as follows. On December 2, 1940, she went into the defendant's store to buy a dress to match her brown fur coat.　The salesgirl suggested a brown dress and told the plaintiff how well it looked.　The plaintiff said that she liked it and bought it. After wearing the dress she suffered from burning, itching, blisters and swelling, and upon a test being made by a physician it was found that she had the same symptoms where on the test the dress had come in contact with her.　She had worn dresses like the one in question and of the same color without ill effects.　The judge ordered a verdict for the defendant, subject to the plaintiff's exception.

The declaration alleges a breach of a warranty of fitness for wear.　G. L. (Ter. Ed.) c. 106, § 17 (1), provides as follows: "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose."

No question is made of the sufficiency and seasonableness of the notice of breach of warranty under G. L. (Ter. Ed.) c. 106, § 38.　*Bruns* v. *Jordan Marsh Co.* 305 Mass. 437, 444. *Rogiers* v. *Gilchrist Co.* 312 Mass. 544.

There was evidence that the buyer made known to the seller "the particular purpose for which the goods are required," that is, that the dress was bought to be worn. *Flynn* v. *Bedell Co. of Massachusetts*, 242 Mass. 450, 452, 453.　*Kurriss* v. *Conrad & Co. Inc.* 312 Mass. 670, 677. There was evidence, too, that the buyer relied on the seller's skill or judgment.　In *Kurriss* v. *Conrad & Co. Inc.*, *supra*, a case similar to this on its facts, it was said at pages 682–683, "The question is squarely presented whether the plaintiff,

by implication, had a right to rely upon the expectation that she would not be sold a dress that contained some deleterious substance, not observable or discoverable upon reasonable examination by her, which would cause her injuries. We think it may be assumed that the defendant did not intend to sell and that the plaintiff did not intend to purchase such a garment. . . . where, as in the case at bar, in a sale over the counter of an article that is open to inspection, but where any practicable inspection would not disclose an unsound condition, the plaintiff, by implication, has a right to rely upon the skill and judgment of the seller."

Was the dress reasonably fit for wearing? The plaintiff must show that the dress was unfit to be worn by a normal person, and cannot recover by merely showing that it was unfit for her or for some unusually susceptible person to wear. *Flynn* v. *Bedell Co. of Massachusetts,* 242 Mass. 450, 453, 454. See also *Bianchi* v. *Denholm & McKay Co.* 302 Mass. 469. There was no evidence that the plaintiff was or was not a person whose skin was only normally sensitive to infection or irritation. The question is presented, whether in the absence of evidence the jury could find her normal in this respect.

We need not inquire in this case whether any assumption that a human being is a normal one is merely the drawing of a permissible though not compulsory inference of fact (*Beacon Trust Co.* v. *Wright,* 288 Mass. 1, 5), or rises to the dignity of a technical presumption (*DelVecchio* v. *Bowers,* 296 U. S. 280, 286; *New York Life Ins. Co.* v. *Gamer,* 303 U. S. 161, 170; *Tyrrell* v. *Prudential Ins. Co.* 109 Vt. 6, 23, 24), or even to that of the sum of the preceding which in this Commonwealth is called prima facie evidence. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 566. *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman,* 302 Mass. 508, 509, 510. For the purposes of the present case, it is sufficient if any one of those three principles permits the conclusion that the plaintiff is a normal person, without evidence specifically directed to that fact.

A considerable body of authority permits such a conclusion. A jury may assume that a person is sane. *Common-*

*wealth* v. *Clark,* 292 Mass. 409, 411, 415.  Likewise that a person is of normal health.  *Little* v. *Bousfield & Co.* 165 Mich. 654, 656.  *Fleming* v. *Sexton,* 172 N. C. 250, 254.  *Robertson* v. *Weingart,* 91 Cal. App. 715, 722.  *Murphy* v. *National Ice Cream Co.* 114 Cal. App. 482, 487.  *Texas Employers' Ins. Association* v. *Birdwell,* 39 S. W. (2d) 159, 160 (Tex. Civ. App.).  Or that he is of normal strength of mind (*Brooker* v. *Silverthorne,* 111 S. C. 553, 559), normal strength of body (*Egge* v. *Haglund,* 43 S. D. 382, 386, 387), normal sensibilities (*State* v. *United Cork Co.* 116 N. J. Eq. 4, 12, affirmed 117 N. J. Eq. 437; *Tyler* v. *House,* 64 S. W. (2d) 1007, 1008 [Tex. Civ. App.]), and normal eyesight.  *Norfolk & Western Railway* v. *Henderson,* 132 Va. 297, 310.

In like manner it may be assumed that the conduct of a person is honest, proper, regular and innocent.  *Hatch* v. *Bayley,* 12 Cush. 27, 30.  *Commercial Wharf Corp.* v. *Boston,* 194 Mass. 460, 467.  *Silver* v. *Graves,* 210 Mass. 26, 31.  *Jubilee Yacht Club* v. *Gulf Refining Co.* 245 Mass. 60, 62.  *Patterson* v. *Pendexter,* 259 Mass. 490, 494.  *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 416, 417.  *Higgins* v. *Gilchrist Co.* 301 Mass. 386, 390.  *Anderson* v. *Billerica,* 309 Mass. 516, 518.

We think it could be found that the plaintiff was no more than normally susceptible to infection or irritation of the skin, and that she suffered damage because of a breach of an implied warranty of fitness made by the defendant.

But the defendant contends that the declaration did not state a case of an implied warranty of fitness under G. L. (Ter. Ed.) c. 106, § 17 (1).  The declaration alleges that the defendant sold "a dress which the defendant warranted as reasonably fit to wear," but which was not.  It does not allege that the plaintiff made known to the defendant the particular purpose for which the dress was required nor that the plaintiff relied on the defendant's skill or judgment.  The case is governed in this respect by *Kurriss* v. *Conrad & Co. Inc.* 312 Mass. 670, 675, where it is said, "As we read the plaintiff's first count, it amounts to an allegation of an implied warranty of fitness, without any allegations as

to the purpose of the purchase being made known to the defendant, or of any reliance of the plaintiff upon the skill and judgment of the defendant. We think there was no error in directing a verdict on this count, the allegations of which, in our opinion, do not state any case under the provisions of G. L. (Ter. Ed.) c. 106."

The result is that the direction of a verdict was right on the pleadings though not upon the evidence. It must be supported. *Oulighan* v. *Butler*, 189 Mass. 287, 289. *Granara* v. *Jacobs*, 212 Mass. 271. *Noyes* v. *Caldwell*, 216 Mass. 525, 527. *Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529, 533. *Glynn* v. *Blomerth*, 312 Mass. 299, 301–302. *Coughlin* v. *Coughlin*, 312 Mass. 452, 454. *Manning* v. *Loew*, 313 Mass. 252, 254. But the plaintiff may apply to the Superior Court for an amendment inserting a proper count under G. L. (Ter. Ed.) c. 106, § 17 (1).

*Exceptions overruled.*