Per Curiam.

Defendants Aiello Brothers and McDonald, both cheese manufacturers, were together in the discussions with plaintiff’s officers of the purchase of milk from plaintiff’s milk plant. Following these discussions milk was separately delivered by plaintiff to the respective plants of Aiello Brothers and McDonald. McDonald did not pay for a portion of it. The main question on this appeal is whether the record will sustain the finding of the jury that Aiello Brothers are answerable for milk delivered to McDonald as well as their own for which they *262 have paid. Considering only the testimony adduced by the plaintiff from its own witnesses and the records of the plaintiff, and without resort to any testimony offered by defendants, we think the verdict is against the weight of the evidence in this respect.
Louis Aiello, in the course of negotiations for the milk, spoke of McDonald as his “ partner ”, but this is a loose term, the effect of which depends upon what the parties understood and how they acted toward the relationship. Its use does not necessarily mean that it is understood that each is fully responsible for the payment of all the other’s separate purchases. The plaintiff established by direct examination of a plant manager present during the negotiations on the question of payment that he heard Aiello say that each one would pay for his own milk. This statement is not contradicted by any witness, and no witness for the plaintiff testified that Aiello said he would pay for McDonald’s milk. From the beginning of the arrangement which lasted several months, plaintiff billed each party separately for the milk delivered to him, and each paid separately for the milk received by him until the default was made on the final payment by McDonald alone.
Very early in the progress of the sales Aiello Brothers’ office instructed plaintiff’s office to bill milk where it was delivered, which strongly suggested plaintiff, in acting conformably with this instruction, would look to each customer for payment. One of the plaintiff’s bills to McDonald contained the statement: “Aiello Bros, claim possession of 540 cans of milk we had billed to you ”, and another stated there was charged to McDonald 180 cans “ which Aiello Bros, say they did not receive ”. These suggest the plaintiff treated these parties as entirely separate and not joint accounts. Records, reports and statements of account kept by plaintiff show entirely separate accounts for Aiello Brothers and McDonald. During a portion of the performance McDonald received a substantial rebate on the price which Aiello did not get. Plaintiff’s corporate minutes show McDonald and Aiello were together in negotiating for milk; but in the course of the performance they showed marked separability of interests. They showed “ McDonald ” left dry when the milk stopped and “ McDonald ” wanting to buy under established prices.
One of plaintiff’s officers testified he told Aiello he would trust him, but not McDonald, a statement which would not have been made to a partner or one initially regarded as jointly liable for a bill.
*263 The action of all parties to the arrangement suggests so strongly that each purchaser was treated as separately and individually responsible, that the record does not sustain the verdict against Aiello for McDonald’s final bill for milk delivered to him.
The amount of milk delivered to McDonald and unpaid for is not in dispute. His appeal is from the dismissal of three counterclaims. One is based on a breach of warranty of fitness of the milk for the manufacture of cheese. The warranty under the statute (Personal Property Law, § 96, subd. 1) exists where it appears the buyer “ relies on the seller’s skill or judgment ”. There is no proof of reliance of the cheese maker on the milk seller’s skill or judgment of the fitness of the milk for cheese. The buyer knew more about that than the seller. The case is similar to the shoe manufacturer’s purchase of leather from the leather jobber considered in Wasserstrom v. Cohen, Frank & Co. (165 App. Div. 171). The proof is indefinite as to the defective quality of the milk and the effect this had on the value of cheese produced. There is no clearly established damage. There is proof that government inspectors not only undergraded the McDonald cheese, but all other cheese of the broker McCadam. Besides this, McDonald testified that he had accepted a rebate from plaintiff on the price of milk in consideration of the condition complained of, covering nearly all the period of which he complains.
Another counterclaim pleads an agreement to sell McDonald the output of the plaintiff’s milk plant for a year and the breach of this by a discontinuance of delivery. Damage is sought for expenses in setting up the cheese plant on the strength of the agreement. This is not the measure of damage for such a breach. The measure is, in the circumstances here disclosed, the difference between the agreed price and the market price. (Personal Property Law, § 148, subd. 3.) The remaining counterclaim pleads this agreement and its breach, and seeks damage for the profits McDonald “ would have received ” if it had not been breached. The damage, again, is the difference between contract price and market price. Moreover, on the proof of the terms of the contract alleged to sustain both of the last counterclaims, the agreement on McDonald’s part lacked mutuality in respect of the quantity he was to take. 'No clearly expressed agreement to take all the milk of plaintiff’s plant appears in his testimony, or any measurable amount, and it is clear from the exhibits and from the way the parties actually acted under their arrangement,. that at no time did McDonald take all or any *264 regular quantity of milk. This agreement also lacks definiteness and mutuality as to price, although there may be circumstances where parties may validly agree to be bound by a market price or by a price fixed by a public administrator.
The judgment against appellants Aiello, and the order denying their motion for a direction of a verdict in their favor should be reversed, and a verdict directed for such appellants, with costs. The judgment against appellant McDonald should be affirmed, with costs.
Foster, P. J., Hefeernan, Beewstee, Deyo and Bergan, JJ., concur.
The judgment against appellants Aiello, and the order denying their motion for a direction of a verdict in their favor reversed, on the law and facts, and a verdict directed for such appellants, with costs. The judgment against appellant McDonald affirmed, with costs.