149 So.2d 462

WESSON OIL & SNOWDRIFT CO., Inc.

v.

R. B. ORR.

8 Div. 42.

Supreme Court of Alabama.

Dec. 20, 1962.

Rehearing Denied Feb. 7, 1963.

**464**

Peach, Caddell & Shanks, Decatur, for appellant.

Miles T. Powell, Decatur, for appellee.

PER CURIAM.

A circuit court jury, impaneled in Morgan County, rendered a verdict in favor of the plaintiff (appellee) and against the defendant (appellant) on amended Count 5 of a complaint which alleges the making of an implied agreement or contract between the parties hereto that culminated in the sale and delivery by defendant to the plaintiff of several bushels of soy bean seed for planting purposes.

Patterned after and substantially following one reported in the case of Abercrombie v. Virginia-Carolina Chemical Company, 206 Ala. 615, 91 So. 311, approved as against several grounds of demurrer interposed, the complaint avers that the defendant breached the contract in that it failed to deliver soy bean seed of a quality suitable for planting purposes, but on the contrary delivered seed that were not of such quality; that by reason of and as a proximate consequence of the breach of said contract, plaintiff was damaged by a short crop of beans.

The Reporter will set out the amended Count 5 of the complaint.

Appellant seeks a review here of the proceedings had at the trial of this cause and assigns twenty grounds of error.

■ It is our opinion that the complaint as submitted to the jury is an action ex contractu and not ex delicto. The former is based on a breach of the contract while the latter is for a breach of duty arising out of the contract. For basic cases making the distinction, see Vines v. Crescent Transit Co., 264 Ala. 114, 85 So.2d 436; Mobile Life Insurance Company v. Randall, 74 Ala. 170; and Wilkinson v. Moseley, 18 Ala. 288.

■ Appellant assigns error in the refusal of the trial court to give its written charge with conditional affirmative direction to the jury to return a verdict for the defendant. The charge with the note attached thereto reads as follows:

"31. If you believe the evidence in this case, you cannot return a verdict in favor of the plaintiff under Count 5 of the complaint.

"NOTE: This charge is requested in keeping with the terms of Section 55, Title 57, Code of Alabama of 1940, by reason of the failure of plaintiff-buyer to give notice to the defendant-seller of the breach of any alleged warranty within a reasonable time after the plaintiff-buyer knew, or ought to have known, of such alleged breach.

"Refused—Newton B. Powell, Judge."

Section 55, Title 57, Code of Alabama 1940, to which the note or addendum makes reference, reads as follows:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale, *but, if after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor.*"
(Emphasis supplied.)

Appellant's contention is that the notice required in the afore-quoted section is a prerequisite and a condition precedent to recovery in this case.

With that contention we agree. This court, in the case of Smith v. Pizitz of Bessemer, Inc., 271 Ala. 101, 122 So.2d 591, held that this requirement of notice is not in the nature of a statute of limitations, but is a condition precedent to recovery by the buyer, with application both to commercial situations and personal injury cases. Consequently, we held that defendant's demurrer to the complaint, because there was no averment of notice, was correctly sustained.

The complaint in the case now before us for review did not contain an allegation of notice in compliance with this statute, but its absence was not challenged by demurrer.

The parties filed a plea in short by consent with leave, etc., which automatically included a special plea that this notice was not given.

The defendant had the burden of proving its plea. This was not done so far as we have been able to find in the record. Appellant, in its brief, has not cited us any evidence offered in support of the plea.

Assignment of Error 5 presents the correctness vel non of the court's judgment in overruling defendant's demurrer to Count 5 as amended. The argument in appellant's brief is directed to Ground P of the demurrer reading as follows:

"P. It is not alleged that, in purchasing the soy bean seed, plaintiff relied on the defendant's skill or judgment."

Our attention is directed to Section 21 (1), Title 57, Code of Alabama 1940, reading as follows:

"Subject to the provisions of this chapter and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness

for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

■ Count 5 as amended, the only count submitted to the jury, meets the demands of subsection (1) above that the buyer, expressly or by implication, make known to the seller the particular purpose for which the goods are required.

But the complaint fails to allege that the plaintiff relied on defendant's skill or judgment as to the quality of the seed, the subject matter of the alleged contract. Such an allegation is necessary.

"Where the buyer seeks to recover for breach of implied warranty of fitness for a particular purpose, the complaint should state the seller's knowledge of the purpose when the contract was made, and show that the seller, pursuant to such knowledge, selected the particular merchandise for the particular purpose *and that the buyer relied on the skill and judgment of the seller in such selection.*" (Emphasis supplied.) 77 C.J.S. Sales § 361b, page 1271. Also, see Kurriss v. Conrad & Co., 312 Mass. 670, 46 N.E.2d 12, 13, 15; Payne v. R. H. White Co., 314 Mass. 63, 49 N.E.2d 425, 426, 427.

Without allegation and proof of such reliance plaintiff fails to establish the existence of an implied contract for the breach of which he seeks recovery of damages. We said in Kirkland v. Great Atlantic & Pacific Tea Company, 233 Ala. 404, 171 So. 735[7] as follows:

"Assuming, without deciding, that a breach of an implied warranty under section 15 of said act [General Acts 1931] (page 574) will support an action of tort on the theory of a breach of duty growing out of contract, it would seem clear that the plaintiff must bring himself within one of the exceptions defined in section 15, since there is no implied warranty save as defined in these exceptions. Canavan v. City of Mechanicville, 190 App.Div. 252, 180 N.Y.S. 62, affirmed in 229 N.Y. 473, 128 N.E. 882, 13 A.L.R. 1123; Wasserstrom v. Cohen, Frank & Company, 165 App.Div. 171, 150 N.Y.S. 638, 640; Rinaldi v. Mohican Co., 225 N.Y. 70, 121 N.E. 471. See, also, McCarley v. Wood Drugs, Inc., supra; Sudduth v. Holloway, 212 Ala. 24, 101 So. 733." [Par. added.]

Although this court in the case of Abercrombie v. Virginia-Carolina Chemical Company, supra, approved a similar complaint as the one in this suit, no ground of demurrer as here interposed was addressed to the complaint for consideration by the court.

Appellant has furnished this court with a very elaborate and comprehensive brief that evidences exceptional diligence in research and preparation.

Because of the error of the trial court as presented by Assignment of Error 5, this cause is due to be reversed and remanded, and it is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.