LEO P. DOHERTY vs. WILLIAM E. GINSBURG.

· Suffolk.    October 10, 1963. — November 4, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL,
& REARDON, JJ.

*Contract*, Performance and breach, Between attorneys.    *Attorney at Law.*

An alleged contract whereby the defendant in an action of contract, an
attorney, retained the plaintiff, also an attorney, to procure a settlement
of, or, if necessary, to try, a case of a client of the defendant against a
tortfeasor, for which the plaintiff was to receive a certain portion of
the defendant's fee, was bilateral, and evidence did not warrant a finding
that the plaintiff, who did some investigation of the case but "never got
in touch with anyone representing" the tortfeasor, "took no steps at all
with" him, did not participate in a tort action brought against him, and
"did nothing regarding . . . [a] settlement" made in the tort action
during trial thereof, performed his own obligations under the contract
or was prevented from performing them by the defendant; and the
plaintiff was not entitled to recover from the defendant the agreed por-
tion of the fee.

CONTRACT.    Writ in the Superior Court dated January
18, 1960.

The action was tried before *Fairhurst*, J.

*Joseph R. Nolan* for the plaintiff.

*Waldo Noyes* for the defendant.

SPALDING, J.    This is an action of contract to recover a
portion of an attorney's fee received by the defendant in
the settlement of a tort case brought by Daniel Mazzola
against Stephen P. Mallett.    In his declaration the plain-
tiff alleged that he and the defendant entered into an oral
contract whereby the plaintiff was to "take all steps neces-
sary to the successful settlement of . . . [the case of Maz-
zola v. Mallett] and, if necessary, and only if necessary, to
try the said case," for which he was to receive an amount
equal to one third of the defendant's fee; that the "plaintiff
undertook the entire prosecution of such case, interviewed
witnesses, visited the locus of the accident . . . and took

divers other steps pursuant to the said agreement''; and that "without either the knowledge or consent of the plaintiff" the defendant settled the case and, although requested, has failed to pay to the plaintiff any portion of the fee.

The jury returned a verdict for the plaintiff in the amount of $6,948, which was recorded under leave reserved. Thereafter, the judge entered a verdict for the defendant, and the correctness of this action presents the sole question for decision. That question is the same as where a verdict has been directed. *Glynn* v. *Blomerth*, 312 Mass. 299, 301.

The plaintiff's version of the alleged contract is as follows: About May 1, 1959, the defendant told the plaintiff that he had a "big case" which he wanted the plaintiff to handle and that he would be paid an amount equivalent to a third of the defendant's fee. The plaintiff said, "All right. It's all right with me." The plaintiff asked to see the police officer thought to be involved in the case but was told by the defendant that this would not be necessary. He made two telephone calls to Dr. Kozol, one of the doctors who had treated the child who was the plaintiff in the tort case, and discussed his injuries. He consulted the attorney "for the Archdiocese to make the arrangements to produce the Nun [as a witness], if necessary." He visited the scene of the accident where he made certain observations, and thereafter was taken by the defendant's son to talk with the child's grandmother. Subsequently, the plaintiff "learned from the newspapers" that the case had been tried and he called the defendant on the telephone and stated, "I read in the paper that the Mazzola case is settled for . . . ($59,000) . . . . I was in your office yesterday afternoon while you were in the process of settling it. You told me nothing about it. I am going to look for my fee." The plaintiff never filed an appearance in the tort case, never got in touch with the defendant in that case, and did not participate in the settlement of the case because, as the plaintiff said, he "was prohibited from it" and "didn't get the opportunity." He had no written memorandum concerning the case as the "memorandum . . . [was] in . . . [his] mind."

There was evidence that the institution of the tort action and the various steps in the proceeding were performed by the defendant. There was a trial lasting several days in which the defendant, but not the plaintiff, participated. Before the completion of the trial the case was settled for the sum of $59,000.

We hold that if there was a contract it was bilateral and that the plaintiff has not sustained the burden of proving performance. On his own testimony the plaintiff "never got in touch with anyone representing the defendant [Mallett], took no steps at all with the defendant [Mallett], and did nothing regarding the settlement of the . . . [case]." And there is nothing to show that he was prevented by any act of the defendant from performing his undertaking. The bald conclusion of the plaintiff, mentioned above, that he was "prohibited" and "didn't get the opportunity," when read with all the evidence, cannot fairly be said to be proof of prevention of performance on the part of the defendant.

It follows that the plaintiff's exceptions must be overruled.

*So ordered.*