SIDNEY TANZER *vs.* GOLDIE KASTER. May 7, 1968. In this action of tort for negligence the sole exception is to the allowance at the close of the evidence of the defendant's motion for a directed verdict "on all the pleadings and the evidence and the plaintiff's declaration." No specific grounds were stated or asked for. Accordingly every ground as to the propriety of the allowance of the motion is open to us, even though not in the mind of the judge or counsel at the time of its allowance. *Glynn* v. *Blomerth*, 312 Mass. 299, 302, and cases cited. The declaration was in one count which alleged that the plaintiff was caused to fall on the outside stairway of a house owned by the defendant as the result of the presence of ice due to the defendant's negligence. At the trial evidence was introduced which, if believed, would warrant a finding that the plaintiff was a tenant of the defendant, that one of the terms of the tenancy was an agreement by the defendant to keep the stairway clear of snow and ice, and that the defendant negligently performed the duty, causing the plaintiff's injury. These essential elements, although supported by evidence, were not alleged. The defendant's duty could arise only by agreement when the tenancy began. *Carey* v. *Malley*, 327 Mass. 189,

193, and cases cited. The contractual origin of the duty should be alleged. *Falden* v. *Gordon,* 333 Mass. 135, 137. A directed verdict will be upheld if it is right on the evidence or the pleadings. *Puro* v. *Heikkinen,* 316 Mass. 262, 266. Here the direction of the verdict was right on the pleadings, though not upon the evidence. *Payne* v. *R. H. White Co.* 314 Mass. 63, 67. The plaintiff is granted leave to apply within thirty days to the Superior Court to insert a proper count by way of amendment. G. L. c. 231, § 125. See *Payne* v. *R. H. White Co., supra.* The exceptions are overruled.

*So ordered.*

*Louis Karp* for the plaintiff.
*Daniel A. Canning* (*Nathan Robins* with him) for the defendant.