JOSEPH KRINSKY *vs.* PAUL T. SMITH. June 18, 1974. This is an action of contract brought by an attorney to recover part of an attorney's fee received by the defendant for the trial of a criminal case. The plaintiff's outline bill of exceptions brings before us the correctness of the judge's allowance of the defendant's motion for a directed verdict. In his declaration the plaintiff alleged that he "engaged the defendant . . . to assist . . . and associate with him in the preparation for trial and in the trial of a criminal complaint," and that the defendant rendered such services but failed to pay the plaintiff his share of the fee received by the defendant directly from the client. The evidence in its aspect most favorable to the plaintiff (*Gelinas* v. *New England Power Co.* 359 Mass. 119, 120 [1971]; *Lawler* v. *General Elec. Co.* 1 Mass. App. Ct. 220 [1973])

tends to show an oral agreement between the parties under which the plaintiff would refer the case to the defendant in consideration of one half of the fee charged by the defendant, but it fails to reveal that the plaintiff prepared for or participated in the trial. Cf. *Doherty* v. *Ginsburg,* 346 Mass. 421 (1963). The verdict was therefore rightly directed for the defendant because of the substantial variance between the declaration and the proof. *Glynn* v. *Blomerth,* 312 Mass. 299, 301-302 (1942). *Manning* v. *Loew,* 313 Mass. 252, 254 (1943). *O'Connor* v. *National Metals Co.* 317 Mass. 303, 306 (1944).

*Exceptions overruled.*

Philip M. Cronin for the plaintiff.
Harvey R. Peters for the defendant.